67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor KILLIAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration,* Defendant-Appellee.
 No. 94-35405.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Sept. 25, 1995.
 
 Before: SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Killian challenges the Commissioner's decision denying his application for Supplemental Security Income disability benefits. He argues, among other things, that the Commissioner failed properly to consider vocational evidence and erroneously rejected the opinions of his treating doctors. The district court upheld the Commissioner's final decision. We reverse and remand for payment of benefits.
 
 
 3
 The parties agree that Killian is unable to perform his past work, and thus has satisfied his burden at step four of the sequential evaluation. At step five, the burden shifts to the Commissioner, to show the existence of other specific jobs that Killian can perform despite his impairments. Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir.1988).[1]
 
 
 4
 Based solely on his physical exertional impairments, Killian is incapable of working from the date of his 50th birthday under the Medical Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the grids").[2] The opinions of three treating physicians who evaluated the claimant's physical exertional limitations are similar in nature. Dr. Randle stated that Killian would be "limited to sedentary work" as the result of back pain and manipular limitations. According to Dr. Rulison, the claimant could lift up to 15-20 pounds, stand for a total of two hours per day, walk for two hours per day, and sit for two hours per day. Dr. Gallo's assessment corresponds with that of Dr. Rulison, except that Dr. Gallo believed the claimant capable of sitting for a total of four (rather than two) hours per day. In addition, Dr. Gallo provided a more detailed assessment of the claimant's exertional limitations, estimating that Killian could sit for only two hours at a time, stand for one hour at a time, walk for one hour at a time, and lift weights of 6-10 pounds for only two hours during an eight-hour day.
 
 
 5
 Although the Commissioner has discretion to resolve conflicts in the evidence, the opinions of the claimant's treating physicians must be accorded "special weight." Burkhardt v. Bowen, 856 F.2d 1335, 1339 (9th Cir.1988). The Commissioner may reject the treating physician's opinion only if she provides "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987); Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). Here, she provided no such reasons.
 
 
 6
 Acceptance of any one of the treating doctors' opinions would compel the Commissioner to find the claimant disabled from the date of his 50th birthday based solely on his physical exertional limitations. Under the grids, claimants like Killian are deemed disabled at the age of 50 if they are incapable of performing light work. Dr. Randle specifically stated that Killian was incapable of anything but sedentary work. The limitations identified by Dr. Gallo and Dr. Rulison would not only prevent the claimant from performing light work, but also from performing a full range of sedentary work. See 20 C.F.R. Sec. 404.1567; SSR 83-10. Given these opinions, the grids would mandate a finding that Killian has been "disabled" from the time that he turned 50. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.10. The Commissioner is not free to disregard the grids when they dictate a finding that the claimant is disabled. Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir.1989); Cooper v. Sullivan, 880 F.2d 1152, 1155-56 (9th Cir.1989). Thus, Killian is entitled to benefits from the time he turned 50.
 
 
 7
 The more difficult question is whether the Commissioner erred in failing to find that the claimant was disabled prior to his 50th birthday. Where the grids indicate that the claimant is "not disabled" based on exertional limitations, but the claimant also has significant nonexertional limitations, the Commissioner may call a vocational expert in an effort to meet her burden of showing that the claimant can perform work other than his past work. See Gonzalez, 914 F.2d at 1202. However, the testimony of a vocational expert "cannot constitute substantial evidence to support an ALJ's determination as to a claimant's disability unless it accurately reflects all the claimant's limitations." Cooper, 880 F.2d at 1158 n. 13.
 
 
 8
 In this case, the hypothetical questions posed to the vocational expert did not include all the limitations on the claimant's physical residual functional capacity described in uncontradicted medical reports. In his original hypothetical question, the ALJ inquired whether someone capable of sitting four hours "or more" per day would be capable of performing any type of gainful employment. The vocational expert stated that such a person would be capable of employment as a wire worker, small products assembler, or gate tender. On cross-examination, however, the vocational expert testified that the unskilled jobs of wire worker and small products assembler would require modification to accommodate a worker who is capable of sitting only four hours per day (as indicated by Dr. Gallo's uncontradicted report). In response to the ALJ's question whether a "precise division of two hour [standing], two hours [walking], and four hours [sitting]" in an eight-hour day would eliminate these jobs, the vocational expert responded that it would. This comports with Social Security Ruling 83-10, which states that, while professional and managerial jobs may permit workers to sit or stand at their option: "Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." SSR 83-10. If the ALJ had either credited the limitations indicated by Dr. Gallo or adhered to this ruling, these two jobs would be foreclosed.
 
 
 9
 Although the gate tender job would remain, the Commissioner's vocational expert testified that this is a semi-skilled job and that "without having any degree of transferability I think there may be--you may face some vocational adjustment problems." Again, his testimony is consistent with Social Security Ruling 83-10 which states: "Ability to perform skilled or semiskilled work depends on the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level or the presence of recently completed education which allows for direct entry into skilled or semiskilled work." SSR 83-10. There is no indication that Killian has any skills transferable to the job of gate tender. The Commissioner's vocational expert did not testify that Killian had any skills transferable to this position. The claimant, however, submitted a report from Bruce E. McLean, a vocational expert, who specifically found that he did not have any skills transferable to the job of gate tender. Mr. McLean's opinion on this point is uncontradicted, and the Commissioner has offered no reason for rejecting it.
 
 
 10
 Where the Commissioner fails to credit a treating physician's opinion without providing adequate reasons for so doing, that opinion is credited "as a matter of law" for purposes of subsequent review. Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). Because the opinion of Dr. Gallo, in conjunction with the uncontradicted vocational evidence from Mr. McLean, requires that Killian be found disabled, the record clearly demonstrates that Killian is entitled to benefits. No purpose would be served by remanding for further review.
 
 
 11
 REVERSED and REMANDED for payment of benefits.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this disposition for the sake of convenience
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Killian argues that the Commissioner erred at step three of the sequential evaluation, in concluding that he did not meet the listing for "Affective Disorders." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.04. We need not reach this argument. Even if we assume that the Commissioner was correct in concluding that Killian did not meet or equal this listing, she was incorrect in concluding that there are jobs in the national economy that he is capable of performing
 
 
 [2]
 Exertional limitations are restrictions on the claimant's strength (including the ability to stand, sit, walk, and lift). 20 C.F.R. Sec. 404.1569a(a) & (b); Cooper v. Bowen, 880 F.2d 1152, 1156 (9th Cir.1989). Nonexertional limitations, on the other hand, affect the ability to perform activities other than primary strength activities. Id. Examples include manipular limitations and mental limitations. 20 C.F.R. Sec. 404.1569a(c)(1)