Odella PRESTON, Appellant,

v.

Margaret M. HECKLER, Secretary, Department of Health and Human Services, Appellee.

No. 84–2178.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1985.

Decided Aug. 8, 1985.

Timothy Mering (Robert R. Jenkins, Baltimore, Md., Paul R. Schlitz, Jr., Cockeysville, Md., on brief), for appellant.

Michael F. Moses (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., J. Frederick Motz, U.S. Atty., Baltimore, Md., William Raffel, Washington, D.C., on brief), for appellee.

Before WIDENER and PHILLIPS, Circuit Judges, and HIRAM H. WARD, Chief United States District Judge, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

Odella Preston appeals the decision of the district court upholding a denial of social security disability benefits. We hold that the district court erred in considering whether the claimant's failure to comply with her prescribed treatment plan rendered her ineligible for benefits pursuant to 20 C.F.R. § 404.1530. Accordingly, we vacate the judgment of the district court and remand the case for further proceedings.

### I

At the time of the hearing before the administrative law judge, the claimant was 58 years old. She had a limited educational background and had worked as a migrant farm laborer in Virginia until moving to Baltimore in the 1960's. There she was employed as an oyster shucker in a seafood packing house until 1980, when she claims her physical disabilities caused her to cease work altogether.

Preston was diagnosed in 1964 as having diabetes mellitus. She is 5'5" tall, and her weight has fluctuated from 165 to 200 pounds. She has been prescribed a treatment program of insulin injections, urine sugar monitoring, and proper diet, but her adherence to that program has been haphazard and episodic. As a result, she suffers polyuria, polydipsia, blurred vision, and dizziness. She takes medication to control hypertension and Tranxene to treat an anxiety neurosis. Finally, she has been diagnosed as having carpal tunnel syndrome in her left hand. She alleges that she cannot close the hand fully. Medical records indicate that she has refused surgery to correct her hand impairment.

The claimant filed an application for disability and SSI benefits in November 1981 and again in October 1982. Both applications were denied. A hearing before an ALJ was held at her request in May 1983. The ALJ ruled that her impairment was not severe and denied benefits. The Appeals Council declined to review the decision so that the ALJ's decision became that of the

Secretary. Preston then filed this action for judicial review in the United States District Court for the District of Maryland. The magistrate assigned to the case reviewed the record and determined that the ALJ's finding of no severe impairment was not supported by substantial evidence. He upheld the Secretary's decision, however, upon his own finding that though she might have a severe impairment, Preston was not legally disabled because she had failed to comply without good cause with a treatment program that would remedy her impairments. *See* 20 C.F.R. § 404.1530; *Purdham v. Celebrezze*, 349 F.2d 828 (4th Cir.1965).

### II

■ At the outset, we agree with the district court that the Secretary's basis of decision, the absence of severe impairment, is not supported by substantial evidence. Ms. Preston's subjective complaints include weakness, dizziness, blurred vision, and loss of function in her left hand. The clinical reports from East Baltimore Medical Center and the Johns Hopkins Hospital Emergency Room are replete with entries reporting her complaints of fatigue and dizziness; these same reports indicate symptoms of uncontrolled diabetes—abnormal or excessive thirst (polydipsia), frequent urination (polyuria) and high blood sugar content. The medical records report some retinopathy, a thickening of the arterioles in the retina, a condition associated with diabetes which may cause blurred vision. The need for corrective surgery suggests a medical basis for her complaints of stiffness in the hand. Therefore, the medical evidence strongly supports Ms. Preston's subjective complaints.

We are not unmindful that there are also entries in the records reporting that Ms. Preston had no subjective complaints on given occasions. Furthermore, Dr. Julka, a consultant for the Secretary, reported that his examination showed the claimant's diabetes under control. He further reported no reduction in the range of motion in her left hand, though he found some numb-

ness. These reports are probative of the fact that Ms. Preston's impairment might be controlled by reasonable efforts. The record viewed as a whole, however, simply does not support the ALJ's conclusion that the medical evidence did not support her subjective complaints of disability, a conclusion unduly reliant on Dr. Julka's isolated examination. Therefore, we conclude that the district court's judgment cannot be affirmed on this alternative basis.

### III

■ We further conclude that the judgment of the district court cannot be affirmed on its stated basis—noncompliance without good cause under 20 C.F.R. § 404.1530. We, like the district court, review the Secretary's findings for support by substantial evidence, 42 U.S.C. § 405(g); *Lewis v. Califano,* 616 F.2d 73 (3d Cir. 1980); "[t]his Court does not find facts or try the case de novo when reviewing disability determinations." *King v. Califano,* 599 F.2d 597, 599 (4th Cir.1979). The Secretary's decision in this case was predicated on the express finding that the claimant's impairment was not so severe as to be legally disabling. No finding was made at the administrative level that the claimant was not complying with her prescribed treatment program or that she lacked good cause for failing so to comply. In the absence of such findings, we decline to review the record to ascertain whether substantial evidence might support these findings not made.

Neither, on the present administrative record, could noncompliance be found as a matter of law and summary judgment be affirmed on that basis. At best the evidence of record reveals that noncompliance and lack of cause therefor remain disputed issues of fact to be resolved by a factfinder. While the evidence suggests that the claimant's impairment was indeed remediable and that she had on many occasions failed to give herself injections or adhere to her diet, the record equally supports the inference that the claimant lacked the funds and mental acumen to appreciate and adhere to her treatment program. Therefore we cannot say that the evidence leads to the inevitable conclusion that claimant unjustifiably failed to comply with her treatment program. The district court erred in granting summary judgment on the basis of noncompliance.

■ If noncompliance is ultimately to be found the basis for denying benefits, it must be found on the basis of a more particularized inquiry than that made here. While the regulatory scheme promulgated by the Secretary does not expressly dictate how the noncompliance inquiry under 20 C.F.R. § 404.1530 meshes with the sequential analysis of disability under 20 C.F.R. § 404.1520, we · hold that the burden of producing evidence concerning unjustified noncompliance lies with the Secretary.* Therefore, on remand, if noncompliance is to be a basis for denying benefits, the Secretary must develop a record establishing by substantial evidence that the claimant's impairment "is reasonably remediable by the particular individual involved, given ... her social or psychological situation,"

---

* The ultimate burden to prove disability lies on the claimant. *Mongeur v. Heckler,* 722 F.2d 1033, 1037 (2d Cir.1983). Under the sequential proof scheme provided in the Secretary's regulations, 20 C.F.R. § 404.1520, however, the burden of production shifts to the Secretary once the claimant establishes that a severe impairment precludes her from returning to her past relevant work; at that point the Secretary must go forward with evidence to show that the claimant retains the residual functional capacity to perform other jobs in the national economy at peril of having disability found on the basis of the *prima facie* disabling impairment. *See Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir.1978). Because noncompliance with an effective remedial measure provides an alternative basis for denying benefits, the factfinder may draw upon it to negate at any stage of the sequential analysis an otherwise allowable finding of disability. And because in the general proof scheme, this basis for denying benefits is analogous to that involving the establishment of residual functional capacity to engage in other gainful employment, the burden to establish it by substantial evidence should also be on the Secretary. *See Tome v. Schweiker,* 724 F.2d 711 (8th Cir.1984); *Lugo v. Gardner,* 253 F.Supp. 721, 726 (S.D.N.Y.1966).

*Tome v. Schweiker,* 724 F.2d 711, 714 (8th Cir.1984), and that this claimant lacks good cause for failing to follow a prescribed treatment program. *See Gordon v. Schweiker,* 725 F.2d 231, 236 (4th Cir.1984) (remand for inquiry into whether particular claimant could voluntarily stop drinking alcohol where impairment was alcohol related).

As we find the Secretary's stated basis for denying benefits is not supported by substantial evidence and the case is not susceptible to resolution by summary judgment on the basis proffered by the district court, we vacate the judgment of the district court. The case is remanded to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion.

REMANDED.

