60 F.3d 639
 48 Soc.Sec.Rep.Ser. 407, Unempl.Ins.Rep. (CCH) P 14701B,
95 Cal. Daily Op. Serv. 5682,
95 Daily Journal D.A.R. 9711
Jimmy BYRNES, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 93-17082.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 16, 1995.
Decided July 21, 1995.
 
 Mark Caldwell, Phoenix, AZ, for plaintiff-appellant.
 Michael R. Power, Dept. of Health and Human Services, San Francisco, CA, for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before: SCHROEDER, BEEZER and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge.
 
 
 1
 Jimmy Byrnes appeals the district court's summary judgment in favor of the Secretary of Health and Human Services in his action challenging the denial of his application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. Sec. 1381. The administrative law judge (ALJ) found Byrnes's subjective complaints of diabetic episodes incredible. Byrnes argues the ALJ failed to make the findings necessary to support his rejection of these complaints. Byrnes also contends the ALJ should reopen his prior application to determine whether his period of disability should run from the date of his initial application rather than from the date of this second application.
 
 
 2
 We remand for further findings consistent with our decision in Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc), and decline to consider the reopening issue in this appeal.
 
 FACTS
 
 3
 Byrnes first filed an application for SSI benefits on June 20, 1988, alleging he was disabled by diabetes mellitus. His application was denied, and he never appealed. He then filed a second application on April 15, 1990, again alleging disability based on diabetes mellitus. His application was denied at the initial and reconsideration stages.
 
 
 4
 Byrnes then filed a request for a hearing. That request was granted. At the hearing, Byrnes testified to the effects of his hypoglycemic (abnormally low levels of glucose) and hyperglycemic (abnormally high levels of glucose) episodes:
 
 
 5
 Well, you know, I get real shaky and sweaty and just real weak. You know, I--there's [sic] lots of times I don't know I'm getting low. That's why I carry my blood kit with me. I take my blood on an average of eight, maybe eight times a day, probably average. [S]ometimes more.
 
 
 6
 When asked how long these attacks lasted, Byrnes answered:
 
 
 7
 Well, depending on how bad it is, you know, hours--sometimes a few hours, sometimes half a day or a day or longer. Depends on how bad I am.... I've had diabetes so long, usually feel terrible 90 percent of the time, it seems like, or 99 percent of the time. So I don't know--you know, I just always feel bad.
 
 
 8
 The ALJ denied Byrnes's claim. The ALJ determined that Byrnes's diabetes was "coming under control," and that Byrnes retained a residual function capacity to perform a full range of sedentary work. With respect to Byrnes's subjective complaints of hypoglycemic and hyperglycemic episodes, the ALJ concluded they were "not corroborated by the medical evidence."
 
 
 9
 The ALJ's decision became the final decision of the Secretary of Health and Human Services when the Appeals Council declined to review it. Byrnes then brought this action in the district court seeking judicial review. On cross-motions for summary judgment, the district court affirmed the Secretary's decision. This appeal followed.
 
 STANDARD OF REVIEW
 
 10
 We review de novo the district court's judgment upholding the Secretary's denial of benefits. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir.1995). We "will set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." Id.
 
 DISCUSSION
 
 11
 Byrnes contends the ALJ improperly evaluated his subjective complaints of hypoglycemic and hyperglycemic episodes. Specifically, Byrnes argues that the ALJ deemed his complaints incredible, without making underlying findings as required by Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc).
 
 
 12
 The government counters that had Byrnes followed his doctors' advice and quit smoking, his diabetes would have been controllable. Because he chose not to, argues the government, the ALJ appropriately concluded Byrnes's subjective complaints of uncontrollable diabetes were incredible.
 
 
 13
 We turn first to the government's counter-argument. The SSA regulations provide that if a claimant "do[es] not follow the prescribed treatment without a good reason," he will be found not disabled. 20 C.F.R. Sec. 404.1530. However, before basing a denial of benefits on noncompliance, the ALJ must "examine the medical conditions and personal factors that bear on whether [a claimant] can reasonably remedy" his impairment and must make specific findings. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993); accord Preston v. Heckler, 769 F.2d 988, 990 (4th Cir.1985) (The ALJ "must develop a record establishing by substantial evidence that the claimant's impairment is reasonably remediable by the particular individual involved, given ... her social or psychological situation, and that [she] lacks good cause for failing to follow a prescribed treatment program."). Also "[e]ssential to a denial of benefits pursuant to Section 404.1530 is a finding that if the claimant followed her prescribed treatment she could return to work." Rousey v. Heckler, 771 F.2d 1065, 1069 (7th Cir.1985).
 
 
 14
 Because the ALJ made no finding that "[Byrnes] was not complying with [his] prescribed treatment program[,] that [he] lacked good cause for failing so to comply," or that if he stopped smoking he could return to work, we "decline to review the record to ascertain whether substantial evidence might support these findings not made." Rousey, 771 F.2d at 1069; Preston, 769 F.2d at 990; see generally Ceguerra v. Secretary of Health and Human Services, 933 F.2d 735, 738 (9th Cir.1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").
 
 
 15
 Turning now to Byrnes's contentions, we agree that the ALJ made inadequate findings to support his conclusion that Byrnes's subjective complaints of uncontrollable diabetic episodes were incredible.
 
 
 16
 [O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain. Further, although an adjudicator may find the claimant's allegations of severity to be not credible, the adjudicator must specifically make findings which support this conclusion.
 
 
 17
 These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.
 
 
 18
 Bunnell v. Sullivan, 947 F.2d at 345-46 (emphasis added) (citations omitted).
 
 
 19
 Bunnell controls our disposition of this issue. Although the Bunnell court couched its holding in terms of subjective complaints of pain, its reasoning extends to Byrnes's subjective complaints in this case. The existence and severity of a person's reaction to hypoglycemia or hyperglycemia, like the existence and severity of pain, are subjective phenomena, the extent of which cannot be objectively measured. See id. at 347; Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989).
 
 
 20
 The government does not dispute that Byrnes suffers from diabetes mellitus and associated symptoms. The medical evidence supports Byrnes's allegations of uncontrolled diabetic episodes. What is in dispute is the frequency and severity of these episodes.
 
 
 21
 The ALJ found that "[w]hile [Byrnes's] attorney argues that [Byrnes] would not be capable of performing basic work-related activities at any exertional level on a regular and continuing basis, the medical evidence of record simply does not corroborate this assertion" and that "[Byrnes's] testimony concerning the severity of his pain and limitations was not corroborated by the medical evidence of record."
 
 
 22
 Such findings do not meet the Bunnell standard, because we cannot determine whether the ALJ rejected Byrnes's "testimony on permissible grounds and did not arbitrarily discount [his] testimony." Bunnell, 947 F.2d at 345. We therefore remand this case to the ALJ for further findings evaluating the credibility of Byrnes's subjective complaints consistent with Bunnell.
 
 
 23
 Byrnes contends the ALJ on remand must reopen Byrnes's prior application to determine whether his period of disability should run from the filing of that application on June 20, 1988, rather than from April 15, 1990, the date he filed his present, second application.
 
 
 24
 We decline to address this contention. If Byrnes is denied benefits by a decision that complies with Bunnell 's requirements, and that decision becomes final, the question of the date from which benefits should be payable will never arise. On the other hand, if Byrnes should be granted benefits, the ALJ can then make the initial decision whether grounds exist to reopen the earlier application. It would be premature for us to consider the reopening issue at this time.
 
 
 25
 In view of our remand, we also do not reach Byrnes's arguments concerning the ALJ's treatment of the vocational expert's testimony and the ALJ's application of the Medical/Vocational Guidelines.
 
 
 26
 REMANDED.