111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James A. SHELTON, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-17198.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1997.**
Decided April 3, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 James Shelton, a longshoreman, seeks Social Security disability benefits as a result of neck and back injuries that occurred when he fell onto a concrete dock in 1982. He appeals pro se the Administrative Law Judge's (ALJ) determination that Shelton was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 405(g), because he was capable of performing light work as of March 30, 1990, the last date he was insured for disability benefits. The district court granted summary judgment in favor of the Commissioner. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 Shelton contends that the ALJ erred when it rejected the opinion of Dr. Jesse Stovall. Dr. Stovall treated Shelton from December 13, 1988 through at least February 25, 1994. Dr. Stovall diagnosed Shelton with "acute lowback syndrome" and an "old cervical spine injury." Dr. Stovall recommended that Shelton be excused from jury duty in September of 1989 due to these problems, which he characterized as permanent disabilities. In December of 1989 Stovall indicated on an insurance form that Shelton could not work and noted "no prolonged sitting or standing." Dr. Stovall also diagnosed Shelton with mild disc disease of two lumbar disks and osteoarthritis in August of 1990. In March of 1991 Dr. Stovall opined that Shelton was "totally disabled."
 
 
 4
 In general, the Commissioner cannot reject the opinion of a treating doctor, even when it is contradicted by another doctor, without providing "specific and legitimate reasons" supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). The ALJ gave a detailed and compelling explanation for rejecting Dr. Stovall's opinion. However, we need not scrutinize the ALJ's rationale here because an exception to the rule set forth in Lester applies:
 
 
 5
 Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.
 
 
 6
 Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (emphasis added) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989)); see also Miller v. Heckler, 770 F.2d 845, 849 (9th Cir.1985) (ALJ need not give specific, legitimate reasons for disregarding treating physician's opinion, which did not rest upon any objective findings, in favor of nontreating physician's opinion, which did rely upon objective findings).
 
 
 7
 In rejecting the opinion of Dr. Stovall, the ALJ relied in part upon the opinion of examining physician Dr. Douglas Hancock.[1] Dr. Hancock examined Shelton on October 18, 1990. He concluded that Shelton could engage in light work despite a diagnosis of low back and cervical spine pain. Dr. Hancock relied upon his own objective clinical findings: Shelton had a straight spine; achieved forward flexion to 75 degrees; showed limited extension to five degrees; showed lateral motion to ten degrees bilaterally; showed slight restriction of motion to extension of the lumbar spine; could flex the cervical spine to 30 degrees and extend to 30 degrees; and showed left rotation to 10 degrees and right rotation to 20 degrees. More generally, Dr. Hancock noted that Shelton moved easily about the examination room, walking with a normal gait and station.
 
 
 8
 Dr. Stovall, in contrast, relied upon Shelton's subjective complaints of back pain and upon x-rays performed in March of 1989 and December of 1990. The 1989 x-ray indicated mild disc space narrowing at L-3/4 and L-4/5 and a mild increase in "hypertrophic degenerative changes," while the 1990 x-ray showed disc space narrowing and osteophyritic spurring at L-3/4 and L-4/5.[2] The radiologist noted on the 1990 report that there was "[n]o significant change since [the] prior exam." Dr. Stovall did not perform any functional assessment of Shelton's back, as did Dr. Hancock. Cf. Magallanes, 881 F.2d at 751 (ALJ need not accept treating physician's opinion which is " 'brief and conclusory in form with little in the way of clinical findings to support its conclusion.' " (internal quote omitted)).
 
 
 9
 In sum, Dr. Hancock's opinion that Shelton could engage in light work rested upon independent clinical findings that differed from the findings upon which Dr. Shelton relied. As a result, the ALJ was entitled to resolve the conflict without any second-guessing on our part. Dr. Hancock's opinion constitutes substantial evidence supporting the ALJ's decision.
 
 II.
 
 10
 Shelton argues that the ALJ did not properly account for his subjective pain. In order to reject a claimant's subjective complaints of pain, the ALJ must make specific findings supported by the record. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.1991) (en banc). Here, the ALJ explained that: 1) Shelton was able to perform a wide variety of chores and activities, both before March 30, 1990 and at the time the ALJ made her decision; 2) Shelton described inconsistent use of pain medication over the years; and 3) his symptoms improved with physical therapy treatment. The ALJ met Bunnell 's requirements.
 
 III.
 
 11
 Shelton attaches voluminous new medical evidence to his notice of appeal and reply brief. This court may remand matters on appeal to consider new evidence only where it is material and there is good cause for the failure to present the evidence below. Key v. Heckler, 754 F.2d 1545, 1551 (1985). Shelton failed to explain why he did not bring forth this evidence earlier. Accordingly, remand is not warranted.
 
 CONCLUSION
 
 12
 It is solely the province of the ALJ to weigh conflicting medical opinions when a treating physician's diagnosis of disability is contradicted by an examining physician who relies upon different objective clinical findings. Thus, we will not disturb the ALJ's decision to reject treating physician Dr. Stovall's opinion in favor of examining physician Dr. Hancock's opinion. The ALJ also properly refused to credit Shelton's subjective pain testimony. Finally, we need not consider the new evidence Shelton presented. We therefore AFFIRM.
 
 REINHARDT, Circuit Judge, dissenting:
 
 13
 I respectfully dissent. In her written decision, the ALJ set forth a number of factors that persuaded her to reject the opinion of Dr. Stovall, claimant Shelton's long-time treating physician. I believe that several of the explanations she gave are plainly unsupported by substantial evidence and based on a misreading of the administrative record.[1] The majority disposition, however, ignores these inaccuracies and focuses entirely on only one of the reasons given by the ALJ--the opinion of Dr. Hancock, a non-treating, examining physician. While acknowledging that under Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996), "the Commissioner cannot reject the opinion of a treating doctor, even when it is contradicted by another doctor, without providing 'specific and legitimate reasons' supported by substantial evidence in the record," the majority concludes that "we need not scrutinize the ALJ's rationale here because an exception to the rule set forth in Lester applies...."
 
 
 14
 I find that reasoning unpersuasive. Regardless of what the ALJ was required to do under Lester, the fact is that she listed several specific reasons contributing to her decision to reject Dr. Stovall's opinion. Nothing in her written opinion indicates that any one of them alone was dispositive. We are required to evaluate an agency's decision only on the basis articulated by the agency. Byrnes v. Shalala, 60 F.3d 639, 641 (9th Cir.1995). While, conceivably, the ALJ could have rejected Dr. Stovall's opinion solely on the basis of Dr. Hancock's report, that is not what she did. Instead she gave Dr. Stovall's opinion little weight because she found that it was (collectively) contradicted by the conclusions of Drs. Nacht and Studt, that it was speculative and not based on personal knowledge, that it was inconsistent over time, and that it was contrary to that of Dr. Hancock. Because I believe that the ALJ was mistaken in her reading of the record with respect to Dr. Stovall's opinion, and thus erred with respect to most of her reasons, I would remand to allow her to fairly and accurately compare the opinions of Dr. Stovall and Dr. Hancock.
 
 
 
 *
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34.4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The ALJ also relied upon the opinions of Drs. Jeffrey Nacht and Ward Studt, who treated Shelton in 1983 through 1984, and 1986, respectively. Dr. Nacht stated in 1983 that Shelton could return to work and perform a variety of jobs. In 1986, Dr. Studt stated that he believed "very strongly that this patient should return to the labor market." These physicians' opinions are persuasive, but do not conclusively show that Shelton was able to work through March 30, 1990, the last date he was insured for disability benefits. Since Dr. Hancock evaluated Shelton shortly after his eligibility for benefits expired, Dr. Hancock's opinion is critical to the ALJ's decision to reject Dr. Stovall's opinion
 
 
 [2]
 An x-ray and an MRI performed in 1992 showed more significant problems, suggesting that Shelton's condition had deteriorated. However, the tests are of minimal relevance since they were performed more than two years after Shelton's last date insured
 
 
 [1]
 For example, the ALJ's assertion that Dr. Stovall stated in 1991 that Shelton had been totally disabled since 1982 is based on a simple misreading of an insurance form. The perceived conflict between the opinions of Drs. Nacht and Studt and Dr. Stovall derives from this misinterpretation. Moreover, the ALJ ignored part of a December 1989 insurance form in concluding that Dr. Stovall's opinion was not consistent over time. To the contrary, the record demonstrates that Dr. Stovall's opinion remained perfectly constant over time: twice in 1989, once in 1991, and once in 1993, he set forth his opinion that Shelton's impairments rendered him totally disabled