**Tina Gomes JAMES, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner, Social Security Administration, Defendant.**

**No. C00–614R.**

United States District Court, W.D. Washington, at Tacoma.

April 13, 2001.

the burden would be equal among the states and the federal government.

Mary Lynn Greiner, Seattle, WA, Elie Halpern, Elie Halpern & Assoc., Olympia, WA, for plaintiff.

Brian C. Kipnis, U.S. Attorney's Office, Seattle, WA, for defendant.

## ORDER

ROTHSTEIN, District Judge.

The Court, having considered the administrative record, the memoranda of the

parties, the Report and Recommendation of Judge Ricardo S. Martinez, United States Magistrate Judge, and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation;

(2) This case is REMANDED for further proceedings consistent with the Report and Recommendation.

(3) The Clerk is directed to provide copies of this order to counsel of record and to Judge Martinez.

REPORT AND RECOMMENDATION

MARTINEZ, United States Magistrate Judge.

This matter has been referred to Magistrate Judge Ricardo S. Martinez pursuant to 28 U.S.C. 636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This matter has been fully briefed and oral argument was held on February 22, 2001. After reviewing the record, the undersigned recommends that the court REVERSE the administration's final decision and REMAND for further administrative proceedings.

*FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff applied for disability insurance benefits (DIB) on February 5, 1996, and supplemental security income benefits (SSI) on May 24, 1996. These applications were denied initially and upon reconsideration. Plaintiff filed a timely request for a hearing before an administrative law judge ("ALJ"). The ALJ considered the testimony and all other evidence of record and on June 10, 1998, issued a decision finding that plaintiff was not disabled because she was capable of performing her past relevant work. This became the final decision of the Commissioner when the Appeals Council declined to review the decision of the ALJ on February 4, 2000. *See* 20 C.F.R. §§ 404.981, 416.1481 (1999).

At the time of the hearing plaintiff was thirty eight years old and had two years of college education. She had diverse prior work experience as a cashier, child care worker, caretaker, nursing assistant, home care attendant, census taker, stock clerk, telephone operator, telephone solicitor, and receptionist. Plaintiff alleged disability beginning January 1, 1993, as a result of asthma, obesity, fibromyalgia, and pain in her back, neck and shoulder. Plaintiff has now amended her onset date to September 1, 1994.

Plaintiff brought this action to obtain judicial review of a final decision of the Commissioner denying plaintiff's applications for disability and disability insurance benefits under Title II of the Social Security Act, (the Act), 42 U.S.C.A. §§ 401–33 and Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C.A. §§ 1381–83f. Specifically, plaintiff argues that (1) the ALJ failed to consider the opinion evidence of her treating physician, (2) the ALJ failed to consider equivalency under Listing 9.09(A), (3) the ALJ improperly rejected plaintiff's testimony and that of her lay witnesses, and (4) the ALJ improperly assessed plaintiff's residual functional capacity. In contrast, defendant asserts that the ALJ's decision is supported by sufficient evidence in the record and the ALJ did not misapply the law. However, at oral argument, counsel for the Commissioner argued that if the Court found that the ALJ had failed to properly consider the opinion of the treating physician, then a remand for further administrative proceedings was the proper remedy rather than a reversal for an award of benefits.

*DISCUSSION*

■ The Social Security Act provides benefits under Title II for those who be-

come "disabled" while in an "insured" status as a result of their contributions while employed under the provisions of the Act. The Act provides benefits under Title XVI for those who are both "disabled" and indigent *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The burden of proof is upon plaintiff to establish that he is entitled to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971). To meet this burden, plaintiff must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to ... last for a continuous period of not less than twelve months...." 42 U.S.C. § 423(d)(1)(A); *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.1990). The standard of review is whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975).

■ This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1435 (9th Cir. 1986). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's determination. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984).

*ANALYSIS:*

A. *THE ALJ AND THE APPEALS COUNCIL FAILED TO CONSIDER THE OPINION EVIDENCE FROM PLAINTIFF'S TREATING PHYSICIAN*

■ Medical evidence is generally considered by the ALJ based on the type of contact the health care professional has had with the claimant and the type of education the doctor or treatment provider has obtained. The medical opinion of a treating physician is entitled to special weight because (s)he is employed to cure and has a greater opportunity than non treating physicians to know the claimant's condition. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir.1988). The ALJ may reject the opinion of a treating or examining physician if the ALJ provides specific and legitimate reasons for doing so that are based on substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995). If the treating or examining physician's opinion is uncontroverted, the ALJ's reasons for rejecting the opinion must be clear and convincing. *Id.* The ALJ may credit the testimony of an examining consultative physician and a nonexamining physician who is subject to cross-examination, even though they may reach different conclusions than the treating physician. *Id.* An examining physician's opinion based on independent clinical findings can constitute substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). The opinion of a nonexamining physician is not by itself substantial evidence that justifies the rejection of the opinion of a treating physician, however. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir.1995). There must be other significant evidence in the record to justify such a rejection. *Id.*

In this case, plaintiff contends that the ALJ and the Appeals Council both ignored the opinion of her treating physician, Dr. William W. Bacon. Dr. Bacon had been plaintiff's treating physician for a number of years beginning after her car accident in 1992 and up to the time of her hearing. In a report dated March 19, 1997, Dr. Bacon noted that although plaintiff's fibromyalgia symptoms had much improved, that these symptoms "certainly seem to be disabling when they occur and can be brought on by seemingly minimal activities such as riding on a bus and ambulating for a few blocks" (Tr. 267). On August 13, 1997, Dr. Bacon noted that plaintiff's fibromyalgia was stable, but that plaintiff still had "significant pain and limitations in activities" (Tr. 263). This testimony by her treating physician was fairly consistent with plaintiff's testimony as well as the testimony of her lay witnesses.

While the ALJ does make reference to other reports and chart notes of Dr. Bacon, there is absolutely nothing in her decision that comments on or discredits his opinion as set out above. In all fairness to the ALJ, it appears that these records were not before her at the time of the hearing on December 17, 1997. The record does reflect that these additional medical reports, consisting of 25 pages, were submitted to the ALJ prior to her decision issued on June 10, 1998 but they were not listed as an exhibit nor discussed in her opinion. The records were then resubmitted to the Appeals Council but similarly, the decision by the Appeals Council also fails to mention these records. Ninth Circuit case law is quite clear that either "clear and convincing" or "specific and legitimate" reasons must be given for rejecting a treating physician's opinion depending on whether or not the opinion is contradicted by other evidence of record. *Smolen v. Chater,* 80 F.3d 1273, 1285 (9th Cir.1996); *Lester v. Chater,* 81 F.3d 821, 831–34 (9th Cir.1995).

The Commissioner in Defendant's Memorandum argues that Dr. Bacon's opinion can be read as being "equivocal", but this was not a reason given by or relied upon by the ALJ. A reviewing court may evaluate an agency's decision "only on the grounds articulated by the agency." *Ceguerra v. Secretary,* 933 F.2d 735, 738 (9th Cir.1991); *accord Byrnes v. Shalala,* 60 F.3d 639, 641 (9th Cir.1995). It is not for this Court to justify the ALJ's ultimate decision by setting forth additional legal arguments, instead it is the reasoning given in her decision that must be closely examined. In this case, the ALJ committed error by failing to give the required reasons for rejecting obviously material evidence.

### B. *THE ALJ FAILED TO CONSIDER EQUIVALENCY*

Plaintiff argues that the ALJ's failure to consider equivalency is an additional reason to remand this case. Medical equivalence will be found "if the medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1526. If a claimant fails to prove that she meets a particular listing but is able to provide sufficient medical findings of equal or greater significance and relating to the same impairment, then the ALJ is to consider the issue of equivalence. Equivalence is determined on the basis of a comparison between the symptoms, signs, and laboratory findings of the claimant's impairment, or combination of impairments, with the medical criteria shown with the listed impairment. In *Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir.1990), the Ninth Circuit held that in determining equivalency, an ALJ "must explain adequately his [or her] evaluation of alternative tests and the combined effects of the impairments." A determination of equivalency requires the testimony of a medical expert.

In this case, plaintiff's height and weight met the obesity portion of the Listing 9.09, but did not meet any of the five additional criteria. Listing 9.09 was deleted on October 25, 1999 and is no longer applicable. However, an individual with obesity can still meet the requirements of a Listing if she has another impairment that, in combination with obesity, meets the requirements of a separate Listing. Here, plaintiff is not arguing that she "met" a Listing but rather that the ALJ should have considered equivalency in terms of the combination of plaintiff's impairments, including her diagnosed fibromyalgia and obesity. Plaintiff is correct. The record must reflect that an ALJ has "actually considered equivalence" and simply making a finding that plaintiff's impairments do not meet or equal a listing is insufficient. *Marcia, supra,* at 176. Nothing in this record shows, and the Commissioner does not cite to any portion of the record, that indicates that the ALJ discussed or considered the issue of equivalency.

Plaintiff contends that the ALJ committed additional errors in failing to properly evaluate the credibility of plaintiff, the testimony of lay witnesses, and the plaintiff's residual functional capacity. In view of the recommendation to remand this case for further proceedings it is not necessary to decide these issues at this time. On remand the ALJ is to re-evaluate all of the issues and the evidence and make legally sufficient findings.

Finally, plaintiff contends that there is sufficient evidence in this record for the Court to reverse this matter with instructions to award benefits rather than to remand it for further proceedings. The legal standard for determining whether a court should remand or reverse for an award of benefits is clear. In *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1995), the court indicated that "we have discretion to remand a case for either additional evidence and findings or to award benefits." The *Smolen* court went on to note that evidence had been credited and cases had been remanded for award of benefits where the ALJ failed to provide "legally sufficient reasons for rejecting such evidence," there were no outstanding issues that must be resolved before a determination of disability can be made, and "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." In the instant case, plaintiff's stated reasons for requesting a direct award of benefits rather than a remand for additional proceedings, do not persuade the Court in view of the evidence presented in this record as a whole. It does appear that there are outstanding issues left to be resolved. The relevant and material medical information contained in the records of her treating physicians was not before the ALJ, or the vocational expert, at the time of the hearing. The appropriate remedy is for the Court to exercise its discretion and remand so the ALJ may then consider, the Commissioner may then seek to rebut and the ME and VE may then answer questions with respect to the additional evidence.

### CONCLUSION

Based on the foregoing discussion, the Court should REMAND the administrative decision for further proceedings consistent with this opinion. A proposed order accompanies this report and recommendation.

March 28, 2001.