O’SCANNLAIN Circuit Judge,
dissenting:
Because I believe that this Circuit’s precedents cannot be reconciled, I must respectfully dissent from that part of the court’s opinion (op. at 1106-07) that discusses the crediting-as-true rule. In my view, this issue can only be resolved by the court en banc. I do agree with the court’s treatment of the remaining issues, including its conclusion that the Administrative Law Judge improperly rejected Vasquez’s testimony and that the case should be remanded for consideration of Vasquez’s ability to perform other work during steps four and five of the disability determination process.
I
When a panel is faced with an irreconcilable conflict in the law of the circuit, it is required to make a sua sponte call for en banc review. In Atonio v. Wards Cove Packing Co., Inc., the en banc court held that the three-judge panel facing conflicting circuit precedent erred in relying on one line of the court’s authority on the basis that “it expressed the ‘correct view’ or, alternatively, because it was the decision ‘first in line.’ ” 810 F.2d 1477, 1478 (9th Cir.1987) (en banc). Rather, the court stated that “the appropriate mechanism for resolving an irreconcilable conflict is *1115 an en bane decision. A panel faced with such a conflict must call for en banc review.” Id. at 1478-79 (emphases added). The en bane court later affirmed this holding in United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir.1992) (en banc) (per curiam). In Hardesty, the court specifically rejected the view that “where there are two opposing lines of authority, a panel may, without calling for en banc review, follow the rule which has ‘successfully posed as the law of the circuit for long enough to be relied on.’ ” 977 F.2d at 1348 (overruling Greenhow v. Sec. of Health & Human Servs., 863 F.2d 633, 636 (9th Cir.1988)).
II
A
The crediting-as-true rule creates an ir-rebutable presumption that testimony before an administrative law judge and rejected by him for no adequate reason is true. “[I]f the Secretary fails to articulate reasons for refusing to credit ... testimony, then the Secretary, as a matter of law, has accepted that testimony as true.” Varney v. Sec. of Health and Human Servs. (Varney II), 859 F.2d 1396, 1398 (9th Cir.1988) (quoting Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir.1987)). The crediting-as-true rule is related to the decision on whether to remand for award of benefits; however, they are separate inquires.[1]
The court is correct to point out that the crediting-as-true rule was initially limited to cases “where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant’s excess pain testimony were credited .... ” Id. at 1401. However, the court in Hammock v. Bowen, 879 F.2d 498 (9th Cir.1989), extended the Varney II rule, holding it applicable where “the delay experienced by [claimant] has been severe and because of [her] advanced age.”[2] Id. at 503.
B
Later decisions extend the crediting-as-true rule to all cases. As stated by the court in Lester v. Chater, 81 F.3d 821, (9th Cir.1995), “[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining *1116 physician, we credit that opinion ‘as a matter of law.’ ” Id. at 834; Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.2000) (same); Benecke v. Barnhart, 379 F.3d 587 (9th Cir.2004) (“Because the ALJ failed to provide legally sufficient reasons for rejecting Benecke’s testimony and her treating physicians’ opinions, we credit the evidence as true.”). The Lester, Harman, and Be-necke courts did not require any other conditions to be fulfilled before the court credited testimony as true.[3] Rather, the Harman and Benecke courts followed the bright-line rule first set forth in Lester: that testimony which was improperly rejected will be credited as true as a matter of law.[4]
C
However, at least one other panel has explicitly held that the crediting-as-true rule is not mandatory. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir.2003) (“[W]e are not convinced that the ‘crediting as true’ doctrine is mandatory in the Ninth Circuit.”) The Connett court identifies several cases in which remands were made to allow the ALJ to make specific credibility findings:
In Dodrill, for example, our court specifically remanded for the ALJ to “articu-lat[e] specific findings for rejecting [the claimant’s] pain testimony and the testimony of lay witnesses.”. In Nguyen v. Chater, where the ALJ failed to consider the claimant’s testimony with regard to his asthma, our court remanded with the specific proviso that “[i]t is not our intent ... to preclude the ALJ from reopening the hearing to receive additional evidence,” including, presumably, evidence regarding the claimant’s credibility. See also Byrnes v. Shalala, 60 F.3d 639, 642 (9th Cir.1995) (“We therefore remand this case to the ALJ for further findings evaluating the credibility of [the claimant’s] subjective complaints .... ”).
Id. (alterations in original).
The Connett court concluded that the court has “some flexibility” in applying the crediting-as-true doctrine.[5] Id. None of the *1117-1147 cases cited by the Connett court address the crediting-as-true doctrine, however. Furthermore, the court acknowledged the existence of “seemingly compulsory language” in other opinions of this court. Id. The Connett court decided to remand without crediting-as-true “[b]ecause there are insufficient findings as to whether Con-nett’s testimony should be credited as true.” Id.
D
The Connett court argued that “the propriety of remanding for reconsideration of credibility determinations was implicitly approved by our court en banc in Bunnell v. Sullivan, 947 F.2d 341, 348 (9th Cir.1991).” Id. However, the en banc court never discussed the crediting-as-true rule. Thus, Bunnell is not particularly helpful in defining the scope of the rule. Furthermore, the decisions in Lester, Harman, and Benecke all came years after the Bun-nell decision. While the Connett court’s view that crediting-as-true is discretionary may draw support from Bunnell, it is hardly compelled by the en banc court’s reasoning. Accordingly, I do not believe that we can ignore binding circuit precedent because of a case which merely suggests that crediting-as-true is discretionary. Indeed, even if Lester, Harman, and Benecke are inconsistent with Bunnell, we lack the authority as a three-judge panel to overturn those decisions.
Ill
Until the court sitting en banc resolves this conflict and clarifies how the crediting-as-true rule is to be applied in this circuit, three-judge panels will have to continue to pick among the competing lines of precedent, in violation of Atonio and Har-desty. District court judges and administrative law judges will be equally confused. Confusion is bad enough; but when panels can choose which rules apply, there is at least the perception that we do not dispense equal justice under law. Litigants will be concerned — perhaps not without cause — that sympathetic claimants will get the benefit of the crediting-as-true rule, while less sympathetic claimants are denied the benefit of the rule because the panel decides that the rule is discretionary and should not apply. This court and the district courts from which it hears appeals will be subject to litigation that would be unnecessary if the en banc court would clarify when the crediting-as-true rule applies. Of course, any step that could reduce the amount of unnecessary litigation in this Circuit would help speed up the process for other litigants — a most worthy goal indeed.
Because we lack authority to ignore either line of crediting-as-true cases, I must respectfully dissent from the court’s attempt to wade through the morass that our crediting-as-true jurisprudence has become. I would stay the proceeding pending action by an en banc court.

. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995) (inquiries are "similar[]”); Harman v. Apfel, 211 F.3d 1172, 1178-80 (9th Cir.2000) (applying the crediting-as-true rule but remanding for further consideration rather than immediately awarding benefits); Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir.2004) (applying the crediting-as-true rule and only then discussing whether there were "outstanding issues that must be resolved before a determination of disability [could] be made....").

. The Hammock claimant was fifty-seven at the time of her hearing, and the period between the ALJ hearing and the ruling by the court was about three years. Unfortunately, it is not uncommon for three years to transpire between an ALJ decision and a decision by this court. This is as true of cases where the crediting-as-true is applied as it is of cases in which it is not applied. See Nguyen v. Chater, 100 F.3d 1462 (9th Cir.1996) (seven-year delay between first ALJ decision and Ninth Circuit decision; no crediting-as-true); Byrnes v. Shalala, 60 F.3d 639 (9th Cir.1995) (over three years' delay; no crediting-as-true); Connett v. Barnhart, 340 F.3d 871 (9th Cir.2003) (four-year delay; no crediting-as-true) Also, it is common knowledge that disabilities disproportionately affect older individuals. Accordingly, the court's attempt to dodge the split between the mandatory and discretionary crediting-as-true rules based on age and delay is unavailing. See op. at 1107. The court’s opinion identifies the policy rationales behind the crediting-as-true rule, op. at 1107, but fails to identify why those rationales apply to the case at bar more than to cases in which the rule has not been applied.

. In Harman, the court justifies the use of the crediting-as-true rule with the policy rationales from Vamey II. Id. at 1178-79. Such rationales — that the crediting-as-true rule encourages ALJs to reach a correct decision the first time, and that the rule minimizes the wait time for deserving claimants — are present in every case the crediting-as-true rule touches. The Harman court rejected the government’s attempt to distinguish Lester on the basis that there actually was evidence to dispute the physician's testimony. Id. at 1178. Likewise, because the court remanded for further proceedings rather than for an award of benefits, Harman cannot be distinguished away by limiting the crediting-as-true rule to cases where remand for benefit calculation is appropriate. Id. at 1178-80.

. The concurrence states that Harman is inapplicable because the court held that the claimant was not eligible for her "evidence [to] be credited and an immediate award of benefits directed” made under our test in Smolen v. Chater, 80 F.3d 1273 (9th Cir.1996). Harman, 211 F.3d at 1178 (emphasis added). The dissent overlooks that the Harman court acknowledges the Lester rule, in fact stating that the Smolen rule is "built upon” it. Id. In Harman, the evidence before the ALJ, even if believed, was not enough to direct payment of benefits. Instead, the case was remanded for consideration of further evidence that was not before the ALJ but was presented to the Appeals Council. On remand, “the ALJ [might] then consider, the Commissioner then[might] seek to rebut and the VE then [might] answer questions with respect to the additional evidence." Id. at 1180. Although admittedly the court could be clearer, it never states that the ALJ may reconsider evidence already presented to the ALJ — evidence which should be credited as true under Lester.

.The Connett court does not provide guidance on how this "flexibility” is to be employed, other than by explaining that there were "insufficient findings” to justify invoking the crediting-as-true rule. Presumably this does not mean that judges of this court are supposed to make factual findings concerning *1117-1147 technical medical matters and without the benefit of being present at a hearing.