**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHELLY S. JONES,

            Plaintiff - Appellant,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

            Defendant - Appellee.

No. 11-35660

D.C. No. 3:10-cv-05483-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted December 6, 2012
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District
Judge.[**]

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

Shelly S. Jones appeals the district court's judgment affirming the decision of the administrative law judge (ALJ) denying Jones's application for Social Security disability benefits. We reverse on two separate grounds.

First, the ALJ stated that he gave "little weight" to a July 2007 opinion by Dr. George Dueber because "it is unsupported by objective findings and is inconsistent with the claimant's own reports of her activities." However, it is not clear whether, in deeming the opinion "unsupported by objective findings," the ALJ considered the treatment notes in the record, and if so, what specifically made them insufficient to support the opinion. With respect to Jones's reported activities, we do not find them inconsistent with the July 2007 opinion's conclusion that unpredictable flare-ups in her symptoms would prevent her from keeping a regular job. *See Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001). Accordingly, the ALJ failed to provide "specific and legitimate reasons supported by substantial evidence in the record" for rejecting the July 2007 opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted).

Second, the ALJ's adverse credibility determination with respect to Jones was not supported by substantial evidence. For the same reason that Jones's reported activities were not inconsistent with the July 2007 opinion, they also did

not cast doubt on her credibility. Likewise, the ALJ's reliance on the X-rays and MRI of Jones's cervical spine to evaluate the severity of her fibromyalgia symptoms was improper. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). Finally, the ALJ did not make adequate findings that changes in activity level, diet, or smoking habits would have permitted Jones to return to work. *See Byrnes v. Shalala*, 60 F.3d 639, 641 (9th Cir. 1995).

Because the ALJ's conclusions largely turned on his weighing of the July 2007 opinion and his credibility determination, we cannot deem the identified errors harmless. Thus, we remand the case for further proceedings. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). We leave to the ALJ whether the agency's rules and regulations permit the record to be reopened on remand for consideration of, among other things, the medical evidence that was introduced in Jones's later application.

**REVERSED and REMANDED.**