Thomas Alvarez ESPARZA,
Plaintiff–Appellant,

v.

Carolyn W. COLVIN, Acting Commissioner of Social Security,
Defendant–Appellee.

No. 13–16522.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2015.

Filed Nov. 25, 2015.

Mark Ross Caldwell, Caldwell & Ober LLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Office of the U.S. Attorney, Phoenix, AZ, Sarah Van Arsdale Berry, Special Assistant U.S., Social Security Administration General Counsel's Office, Denver, CO, for Defendant–Appellee.

Before: CLIFTON and N.R. SMITH, Circuit Judges and LASNIK,* District Judge.

## MEMORANDUM **

Thomas Alvarez Esparza appeals the district court's judgment affirming the decision of an administrative law judge ("ALJ") denying his application for Disability Insurance Benefits and Supplemental Security Income. Esparza contends the ALJ erred by rejecting his symptom testimony without providing specific, clear, and convincing reasons and by improperly discounting the weight of his examining physician's opinion. We reverse and remand for further proceedings.

■ The ALJ found that a medically determinable impairment could reasonably be expected to cause. Esparza's symptoms

and did not identify any evidence of malingering. Therefore, the ALJ could reject Esparza's testimony regarding the severity of his symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin,* 775 F.3d 1133, 1136 (9th Cir.2014). The ALJ provided three reasons for rejecting Esparza's testimony: 1) inconsistent statements, 2) admitted activities, and 3) non-compliance with treatment. Viewed individually or collectively, the ALJ's reasons for discrediting Esparza's testimony are not specific, clear, and convincing.

The ALJ determined that Esparza provided inconsistent reasons for leaving his job as a hairstylist and inconsistent reports regarding his limitations. Esparza gave two reasons for stopping work: 1) the owner refused to rent him a chair any longer, and 2) the owner was unwilling to work with Esparza's inconsistent schedule due to his illness. These explanations are logically consistent and do not constitute specific, clear, and convincing reasons for discrediting Esparza's symptom testimony. The ALJ also found that Esparza was inconsistent in reporting his limitations in two function reports, a consultive examiner report, and in his testimony. A close review of the alleged inconsistencies reveals only slight changes in Esparza's reported limitations, which are to be expected over a 21–month period. *See* Social Security Ruling 96–7p, 1996 SSR LEXIS 4, at *16. These minor variations are not specific, clear, and convincing reasons to reject Esparza's testimony.

Regarding Esparza's activities, the ALJ found that Esparza "engaged in a somewhat normal level of daily activity and interaction"; "regularly admitted he was able to watch television, manage his fi-

---

* The Honorable Robert S. Lasnik, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nances, attend his doctor's appointments, talk[ ] on the phone with friends, and maintain a relationship with his partner"; and that in the years preceding the hearing, Esparza was able to work as a caregiver for his father for 13–20 hours per week. The ALJ did not find that Esparza spent a substantial part of a typical day participating in these activities or that Esparza's limited activities translated into the ability to perform sustained work activities on a regular and continuing basis. *See, e.g., Vertigan v. Halter,* 260 F.3d 1044, 1049–50 (9th Cir.2001); *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir.2007). In addition, Esparza's limited care for his father was generally consistent with Esparza's reported capabilities. *See Garrison v. Colvin,* 759 F.3d 995, 1015–16 (9th Cir.2014). Esparza's activities therefore do not constitute specific, clear, and convincing reasons for rejecting his testimony.

The ALJ's third reason for rejecting Esparza's testimony was non-compliance with his treatment regimen, but the ALJ did not find that Esparza lacked good cause for failing to comply or that complying would have allowed him to return to work. Therefore, the ALJ's observations do not constitute specific, clear, and convincing reasons for discrediting Esparza's testimony. *See Byrnes v. Shalala,* 60 F.3d 639, 641 (9th Cir.1995).

To reject the opinion of Esparza's treating physician, the ALJ was required to provide "specific and legitimate reasons that are supported by substantial evidence." *Burrell,* 775 F.3d at 1137 (internal quotation marks and citation omitted). The ALJ provided four reasons for rejecting the treating physician's opinions: 1) the opinions were conclusory and inadequately supported by the clinical findings, 2) the opinions were "on an issue reserved to the Commissioner," 3) the opinions were contradictory to the evidence regarding

Esparza's treatment history and "admitted activities of daily living," and 4) the treating physician appeared to rely "heavily" on Esparza's "subjective complaints that have been found only partially credible." None of the ALJ's reasons for rejecting the treating physician's testimony constitute specific and legitimate reasons supported by substantial evidence.

■ Although the treating physician's opinions were in the form of check-box questionnaires, that is not a proper basis for rejecting an opinion supported by treatment notes. *See Garrison,* 759 F.3d at 1014 n. 17. The treating physician's extensive notes are consistent with the check-box forms and provide the basis for his opinions. Moreover, to reject a treating physician's opinion, an ALJ "can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* at 1012 (internal quotation marks and citation omitted). Because the ALJ's opinion fails to explain why her interpretations rather than Esparza's treating physician's were correct, the ALJ failed to satisfy the "substantial evidence" requirement to reject a treating physician's opinion.

■ As to the second reason provided by the ALJ, the fact that the treating physician's opinion was on an issue reserved to the Commissioner is not by itself a reason for rejecting that opinion. *See Holohan v. Massanari,* 246 F.3d 1195, 1202–03 (9th Cir.2001); Social Security Ruling 96–5p, 1996 SSR LEXIS 2, at *6–7.

■ With respect to the third rationale, the ALJ failed to articulate with sufficient

specificity how the treating physician's opinion was contradicted by other medical evidence in the record. Because the treating physician's records support the opinions he provided, and Esparza's limited activities were consistent with the treating physician's opinion, we conclude that the third rationale provided by the ALJ is not a specific and legitimate reason supported by substantial evidence.

The fourth reason given by the ALJ for rejecting the treating physician's opinions is that the opinions were based on Esparza's subjective complaints. As explained above, the ALJ did not properly discount Esparza's testimony. Therefore, this reason for rejecting the treating physician's opinion does not constitute a specific and legitimate reason supported by substantial evidence. *See Burrell,* 775 F.3d at 1141.

Further proceedings would serve the useful purpose of allowing further development of the record, and therefore we remand. *See Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1105 (9th Cir. 2014). If she deems it appropriate, the ALJ should reopen the hearing to receive additional evidence. *See Burrell,* 775 F.3d at 1141–42.

We remand with instructions to the district court to remand this case to the Commissioner for further proceedings.

**REVERSED AND REMANDED.**