**Elizabeth J. HAMMOCK, Plaintiff-Appellant,**

v.

**Otis BOWEN, Secretary, Department of Health & Human Services, Defendant-Appellee.**

No. 87–3809.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 1988.

Decided Feb. 9, 1989.

Ira Zarov, Oregon Legal Services Corp., Portland, Or., for plaintiff-appellant.

Shelly R. Brown, Asst. Regional Counsel, Dept. of Health and Human Services, Region X, Seattle, Wash., for defendant-appellee.

Before HUG, FLETCHER and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Elizabeth Hammock appeals from the district court's grant of summary judgment for the Secretary of Health and Human Services ("the Secretary") upholding a denial of Supplemental Social Security Income ("SSI") benefits under 42 U.S.C. § 1381 *et seq.* and a denial of disability benefits under 42 U.S.C. § 401 *et seq.* Hammock claims that the Secretary disregarded her treating physician's opinion, failed to credit her pain testimony although it was supported by objective medical evidence, failed to consider her impairments in combination and failed to consider her obesity when determining disability. Hammock contends that she has met her burden of proof regarding her inability to return to prior relevant work.

The Secretary did not consider the combined effect of all of Hammock's impairments on her ability to return to work and he failed to articulate any reasons for disregarding claimant's pain testimony or the treating physician's pain testimony. Therefore, we vacate the district court's judgment and remand to the Secretary for a hearing on the issue of whether Hammock can perform other work.

## FACTUAL BACKGROUND

Hammock submits evidence of disability due to degenerative spine disease, obesity, hypertension, and arthritis. In addition, she establishes the existence of hearing loss, ulcers which are not completely healed, and a rash of unknown origin. Hammock was 57 years old at the time of her hearing; she is five feet three inches tall and her weight has recently fluctuated from 273 pounds to 236 pounds.

Hammock has a high school education and she worked for sixteen years as a telephone operator supervisor. From 1982–84 she maintained a part-time job as a thrift store clerk for twenty hours a week. She has not worked since 1984.

Hammock's treating physician, Dr. Ordelheide, documented her history of back problems, hearing loss, ulcers, obesity, and hypertension. Ordelheide concluded that Hammock "would not likely be hired for any kind of work because of her ongoing medical problems." Ordelheide further stated that "[Hammock's] physical condition would allow her to do certain sedentary activities, but would require frequent interruptions because of her back discomfort.... Her other medical problems would not in themselves prevent her from working; taken in combination however, she would not be an ideal candidate for an employer." The Social Security consulting physician, Dr. Oksenholt, confirmed that Hammock was suffering from degenerative disc disease, obesity, and hypertension. Although Oksenholt mentions a history of arthritis, he does not discuss the arthritis or the hearing loss. He concluded that "[t]here are probably many [sedentary] jobs that she might be able to perform." Claimant's 1981 disability determination concluded that Hammock suffered from arthritis, a seizure disorder, and hypertension, which were then under control. Additionally, the 1981 review listed moderately severe degenerative disease of the spine and moderately severe osteoarthritis in the knees.

On March 21, 1986, an administrative law judge ("ALJ") determined that none of Hammock's health problems established disability. The ALJ found that Hammock's testimony regarding her back pain, arthritis, and ulcers was not credible. He concluded that her obesity did not qualify as a disabling condition because it is a remediable impairment. The ALJ ultimately concluded that Hammock could perform sedentary work and therefore that she did not meet her burden of proving that she could not perform her relevant prior work. The Social Security Appeals Council and the district court affirmed the ALJ's decision and Hammock timely appeals.

## DISCUSSION

### Standard of Review

This court reviews de novo the district court's grant of summary judgment for the Secretary. *See Gamer v. Secretary of Health & Human Servs.*, 815 F.2d 1275, 1278 (9th Cir.1987). We affirm a denial of benefits when the Secretary's decision is supported by substantial evidence and is free from legal error. *Sanchez v. Secretary of Health & Human Servs.*, 812 F.2d 509, 510 (9th Cir.1987). However, a reviewing court must review the record as a whole and consider adverse as well as supporting evidence. We "may not affirm simply by isolating a specific quantum of supporting evidence." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985).

### Claimant's Burden of Proof

Hammock bears the burden of proof to establish disability. She must establish that a medically determinable physical or mental impairment prevents her from engaging in substantial gainful activity and that her impairment prevents her from performing her previous occupation. *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir.1986). Once the Secretary's 1981 finding of nondisability became final, a presumption that the claimant is not disabled attaches. *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.1985). Thus, Hammock must present evidence of "changed circumstances" that would establish disability. *Lyle v.*

*Secretary of Health & Human Servs.*, 700 F.2d 566, 568 (9th Cir.1983) ("[I]n absence of proof of change, a prior ruling respecting disability gives rise to a presumption that the condition continues to exist.").

■ Hammock provided new medical evidence of ulcers, rashes, and some degeneration of the spine, as well as evidence of the existence of arthritis in her feet. Additionally, it is significant that the claimant turned 55 prior to the present benefits application. Her "attainment of 'advanced age' constitutes a changed circumstance precluding the application of res judicata to the first administrative law judge's ultimate finding against disability." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir.1988); *see also* 20 C.F.R. § 404.1563(d) (1987).

### The Secretary's Treatment of the Physician's Opinion

■ Hammock contends that the Secretary impermissibly rejected the conclusions of her treating physician and rejected the objective medical evidence without providing any reasons. *Montijo v. Secretary of Health & Human Servs.*, 729 F.2d 599, 601 (9th Cir.1984). The Secretary does have discretion to resolve questions of credibility and conflicts in testimony. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982). However, if the conflict consists of differences between the opinions of the treating physician and the examining physician, the Secretary must credit the treating physician's opinion unless he provides specific and legitimate reasons supported by substantial evidence in the record. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987).

As in *Sprague* and *Winans*, this "is not a case of contradictory evidence of a physical impairment, but one in which a treating physician's opinion on the ultimate question of the degree of impairment differs from that of an examining physician ...." *Sprague*, 812 F.2d at 1230; *see also Winans*, 853 F.2d at 647. There is no evidence in the record that the claimant is *not* suffering from hypertension, obesity, arthritis, mild hearing loss, ulcers, and back prob-

lems. Additionally, all of the prior medical evidence in the record, obtained from other SSI benefits applications, supports the treating physician's findings of impairment.

■ The Secretary accepted the medical evidence and the medical conclusions of both Drs. Ordelheide and Oksenholt that Hammock's impairments are severe. The issue then becomes whether, given Hammock's documented impairments, she can perform her past work. The Secretary rejected the treating physician's conclusion that she could not perform past work. The Secretary's conclusion that Hammock could perform past work is not supported by substantial evidence because no specific reasons were given for disregarding Dr. Ordelheide's opinion to the contrary. *Winans*, 853 F.2d at 647. Therefore, we accept as a matter of law Dr. Ordelheide's conclusions. Dr. Ordelheide opined that Hammock's back discomfort would require frequent interruptions of Hammock's activities. Because Hammock's past work required prolonged periods of sitting, Dr. Ordelheide's conclusions establish that Hammock cannot perform her past work.

### The Secretary's Treatment of Hammock's Pain Testimony

■ Pain is an important factor to consider when determining disability. *Varney v. Secretary of Health & Human Servs.*, 846 F.2d 581, 583 (9th Cir.1988) ("*Varney I*"). The claimant must submit objective medical findings establishing medical impairments that "could reasonably be expected to produce the pain." 42 U.S.C. § 423(d)(5)(A) (1982 & Supp. III 1985); *see* 20 C.F.R. § 404.1529 (1987). *See also Gamer*, 815 F.2d at 1279. It is reversible as a matter of law to discredit excess pain testimony only because the medical evidence does not fully establish that level of pain. *Id.* The Secretary is free to disbelieve a claimant's pain testimony, but he must make specific findings justifying that decision. *Varney*, 846 F.2d at 584; *Cotton*, 799 F.2d at 1407. Moreover, the medical evidence need not establish that the pain to which the claimant testifies is the inevitable

result of the impairment. *Summers v. Bowen*, 813 F.2d 241, 242 (9th Cir.1987); *Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir.1986).

The legislative intent of the Social Security Disability Reform Act indicates that Congress intended that excess pain testimony be a relevant factor in determining disability. "Congress clearly meant that so long as the pain is *associated* with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability." *Howard*, 782 F.2d at 1488 n. 4. Here there was objective medical evidence that Hammock's physical conditions produced some degree of pain. Dr. Ordelheide found "incapacitating back pain," weakness in Hammock's foot and ankle, ulcers which were upset by medication, and a rash. There is also new evidence of arthritis, obtained when Hammock broke her foot. Her treating physician also noted that back problems would frequently interrupt any sedentary activities undertaken. Additionally, he noted in his 1985 records that her chronic back disease was essentially disabling. Moreover, we take judicial notice of the new evidence submitted by Hammock's attorney after the hearing which further substantiates a claim of arthritic pain. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 827–28 & n. 3 (9th Cir.1986). In this case, pain may well be a nonexertional limitation because it significantly limits the range of work that might otherwise be permitted by Hammock's exertional limitations. *See Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 577 (9th Cir.1988).

This evidence provides a sufficient objective basis on which to establish pain. The Secretary did not indicate which pain testimony was not credible, nor did he point to any medical evidence that suggests that Hammock's claims are not credible. *See Varney*, 846 F.2d at 584; *Rhodes v. Schweiker*, 660 F.2d 722, 723–24 (9th Cir. 1981) (ALJ must articulate reasons for the specific finding on lack of credibility and should indicate the amount of weight given to the various items of evidence). The Secretary also failed to explain why the treating physician's observations of Hammock's pain were not credible.

"The Secretary cannot insulate ultimate conclusions regarding disability from review by turning them into questions of 'credibility.'" *Jones*, 760 F.2d at 997; *see also Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir.1987) ("[I]f the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true."). In *Varney II* we adopted the *Hale* rule of the Eleventh Circuit in the limited situation where the record has been fully established and the sole remaining issue is the credibility of the claimant's pain testimony. *Varney v. Secretary of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988). Thus we held that "[i]n cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will ... take that testimony to be established as true." *Id.* The Eleventh Circuit, on the other hand, credits the claimant's pain testimony regardless of the status of the administrative record so long as the Secretary fails to articulate reasons for refusing to do so. *Hale*, 831 F.2d at 1012; *see also MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir.1986). We extend *Varney II* to cover the present case because the delay experienced by Hammock has been severe and because of Hammock's advanced age. In addition, in this case, the treating physician supported the claimant's testimony concerning pain. Therefore, we accept as a matter of law Hammock's extensive pain testimony contained in the record which further demonstrates that Hammock cannot perform her past work.

### Consideration of Hammock's Combined Impairments

Hammock argues that her combined impairments when considered with

the disabling effects of the pain establish disability. Her treating physician reaches the same conclusion. The Secretary discussed the medical evidence of back problems, hypertension, obesity, and hearing loss. He did not discuss any evidence relating to the exertional or nonexertional limitations arising from arthritis, rashes, ulcers, or the combination of the physical problems.[1] *See Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir.1988); *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir.1985).

In addition, the Secretary relied on *Stillwell v. Cohen*, 411 F.2d 574 (5th Cir.1969), to conclude that Hammock's obesity was a remediable condition. Therefore, the Secretary did not consider the effect of obesity on her other impairments before determining disability. The Fifth Circuit has overruled *Stillwell* and now adheres to a new perspective on obesity. In *Scott v. Heckler*, 770 F.2d 482 (5th Cir.1985), the Fifth Circuit held that an ALJ is required to evaluate the impact of the claimant's obesity on her overall condition when determining disability. *Scott* recognized that while a claimant's impairments can be improved by simply following a doctor's orders to lose weight, losing weight is a task which is not equivalent to taking pills or following a prescription. *Id.* at 486.

The Fifth Circuit has applied the rule articulated in *Scott* to a case with facts similar to the case at hand. In *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir.1987), the court concluded that the claimant was disabled due to back problems, gout, hypertension, severe pain, and obesity, a combination of impairments much like those shown by Hammock. Moreover, the Sixth Circuit in *Johnson v. Secretary of Health & Human Servs.*, 794 F.2d 1106, 1112 (6th Cir. 1986), explained that the holding of *Stillwell* was premised on a set of regulations that have not been in force since 1979. After reviewing the purposes and intent of the 1979 obesity regulations, the Sixth Circuit concluded that it was "clear from the language of [the new section] and its promulgative history that obesity is a condi-

tion that can support a finding of disability." *Id.* at 1113. We adopt the Fifth and Sixth Circuits' treatment of obesity as outlined in *Scott, Lovelace,* and *Johnson.* Therefore, the Secretary must consider Hammock's obesity as a factor contributing to her disability.

*Conclusion Regarding Disability Determination*

Because the Secretary failed to accept Dr. Ordelheide's conclusions, failed to credit claimant's pain testimony, and failed to consider Hammock's advanced age and all of Hammock's impairments in combination, the Secretary's finding that Hammock is not entitled to disability benefits was not supported by substantial evidence. In this case, unlike *Varney II,* there has been no vocational expert testimony regarding Hammock's ability to perform other work. Such testimony is necessary because the treating physician stated that Hammock could undertake sedentary activities. Therefore, the district court judgment is vacated with directions to remand to the Secretary to determine the following: Whether, accepting Hammock's pain testimony as true and accepting Dr. Ordelheide's conclusions as true, and considering Hammock's impairments in combination, Hammock could perform other work. If a vocational expert concludes that Hammock cannot perform other work, then the Secretary is ordered to grant Hammock's SSI benefits forthwith. On the other hand, if the vocational expert determines that Hammock could perform other work, then the Secretary must show that the "other work" is available in the national economy in "significant numbers." 20 C.F.R. § 404.1560(b)(3). In light of Hammock's advanced age, the hearing should be held within 90 days.

*Attorney's Fees*

The Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* (1982 & Supp. IV 1986), allows the recovery of attorney's fees for prevailing plaintiffs in social security dis-

---

1. When discussing the hearing loss the ALJ did conclude that this impairment, in combination with other impairments, would not be disabling. This is the only instance where the ALJ considered a partial combination of impairments.

ability cases. Obtaining a remand for reconsideration of the evidence constitutes an insufficient basis on which to qualify Hammock as the prevailing party for purposes of the Act. *Paulson v. Bowen,* 836 F.2d 1249, 1252 (9th Cir.1988); *Swenson v. Heckler,* 801 F.2d 1079, 1080 (9th Cir.1986); *see* 28 U.S.C. § 2412(d). Even if we determine that Hammock obtained entitlement to significant relief on the merits of her claim, *see, e.g., Mantolete v. Bolger,* 791 F.2d 784, 786 (9th Cir.1986), no finding has been made that the position of the United States was not substantially justified. This "determination is for the district court to make." *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988). Therefore, on remand the district court should determine whether the position of the Secretary was substantially justified.

VACATED AND REMANDED.