**Glenn GATLIFF, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. CIV. 99–580–FR.**

United States District Court, D. Oregon.

Jan. 26, 2000.

---

Tim Wilborn, Portland, OR, for Plaintiff.

Kristine Olson, United States Attorney, William W. Youngman, Assistant United States Attorney, Portland, OR, Richard H. Wetmore, Special Assistant United States Attorney, Seattle, WA, for Defendant.

regulations and related agency memorandum).

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the defendant's motion to remand (# 16).

## BACKGROUND

The plaintiff, Glen Gatliff, brought this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act). Gatliff seeks judicial review of the decision of the Commissioner of Social Security denying his applications for disability insurance benefits under Title II of the Act and for Supplemental Security Income under Title XVI of the Act for the period commencing on March 23, 1993 and ending on May 24, 1995 when he was found to be disabled pursuant to yet another application he had filed for benefits.

On August 27, 1998, the Administrative Law Judge (ALJ) issued a decision determining that Gatliff was not disabled during any part of the period commencing on March 23, 1993 and ending on May 24, 1995. The Appeals Council denied review. Gatliff filed this appeal from the final decision of the Commissioner.

On September 1, 1999, Gatliff filed his opening brief in which he asserted 1) that the vocational hypothetical used at the hearing by the ALJ was incomplete; 2) that the ALJ improperly rejected his testimony at the hearing; and 3) that the ALJ failed to provide clear and convincing reasons for rejecting the opinions of his examining and treating physicians.

On December 13, 1999, the Commissioner moved the court to remand the case for further administrative proceedings to remedy a past defect. The Commissioner concluded that the ALJ's opinion was "not clear enough to provide for adequate review on appeal." Defendant's Memorandum in Support of Motion to Remand, p. 19. The Commissioner contends that upon remand the ALJ "should provide a more detailed rationale for his rejection of Plaintiff's credibility and his treatment of the medical evidence" as well as "present a new hypothetical question to a VE that includes relevant, credible, limitations." *Id.* at 29–30.

Gatliff contends that the court should reverse the decision of the ALJ, which the Commissioner concedes must be reversed, and remand for an award of benefits. He argues that the record is fully developed and establishes that he was and is entitled to benefits for the period at issue.

## APPLICABLE LAW

In *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995), the United States Court of Appeals for the Ninth Circuit explained:

The remaining question is whether to remand for further administrative proceedings or simply for payment of benefits. Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion "as a matter of law." *Hammock v. Bowen,* 879 F.2d 498, 502 (9th Cir.1989). . . .

## RULING OF THE COURT

The Commissioner concedes that the decision of the ALJ fails to provide adequate reasons for his rejection of the opinions of Gatliff's treating and examining physicians that Gatliff was disabled during the relevant time period. The Commissioner had the opportunity to review the decision of the ALJ prior to the filing of this case and summarily denied review. The record contains substantial evidence that Gatliff was disabled during the relevant period of time.

There is no further evidence to be taken and no factors which have prevented the Commissioner from considering the entire record prior to this appeal. There is no basis for this court to remand the case to the Commissioner to provide a more detailed rationale.

IT IS HEREBY ORDERED that the defendant's motion to remand (# 16) is GRANTED, and this case is REMANDED to the Commissioner for an award of benefits for the period commencing on

March 23, 1993 and ending on May 24, 1995.

DATED this 26th day of January, 2000.