**Edith M. ORTEGA, Plaintiff–Appellant,**

v.

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, Being sued as Larry G. Massanari \*, Defendant–Appellee.**

No. 99–35885.

D.C. No. CV 98–06247–MRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2001.

Decided July 3, 2001.

Before GOODWIN, GREENBERG,\*\* and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Edith M. Ortega ("Ortega") appeals a judgment affirming the Commissioner of Social Security's decision denying Ortega's claim for Supplemental Social Security Income disability benefits. She argues that the Administrative Law Judge ("ALJ") erred in rejecting the opinion of Dr. Aho,

---

5. U.S. Const. art. I, § 9, cl. 2.

6. *Green*, 223 F.3d at 1003.

\* Larry G. Massanari, is substituted for his predecessor, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the examining psychologist, in favor of Dr. Warner, the nonexamining medical expert. She also contends that the ALJ erred in rejecting the opinion of Dr. Floyd, Ortega's treating physician. We agree.

Even though the opinions of Dr. Floyd (treating doctor) and Dr. Aho (examining doctor) were contradicted by the opinion of the nonexamining doctor, the ALJ could not reject them unless he provided specific and legitimate reasons supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). The ALJ did not provide such reasons.

"Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" *Lester*, 81 F.3d at 834 (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.1989)). When the ALJ presented the vocational expert with the hypothetical based on Dr. Aho's evaluation of Ortega, the vocational expert found that there were no jobs for which Ortega would be suitable. Because the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Aho and Dr. Floyd, there are no outstanding issues to resolve, and it is clear from the record that the ALJ would be required to find Ortega disabled if such evidence were properly credited, we remand for payment of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996).

REVERSED and REMANDED for payment of benefits.