**Michael R. SHARONE, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Commissioner of Social Security, Defendant—Appellee.**

No. 02–35109.

D.C. No. CV–00–00090–SEH/RMH.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2003.*

Decided May 13, 2003.

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CUDAHY,** O'SCANNLAIN, and GOULD, Circuit Judges.

## MEMORANDUM***

In this appeal of a denial of social security disability benefits, we consider whether an administrative law judge (ALJ) erred in concluding that Michael R. Sharone, a for-ty-four-year-old man who suffers from multiple sclerosis and other ailments, was not "disabled" as defined by the Social Security Act. Sharone has a general equivalence diploma and has worked as a jewel grinder, delivery driver, and dishwasher. He was diagnosed in 1995 with multiple sclerosis. He also suffers from optic neuritis, dermatitis, allergies, depression, and memory problems. Sharone applied for social security disability benefits. An ALJ concluded on March 18, 1999, that Sharone was not disabled in that he could do work available in the national economy. Sharone requested that the Social Security Appeals Council review the decision, but the Appeals Council declined the request. The ALJ's decision thus became the Commissioner's final decision. Sharone filed a complaint in United States District Court challenging the denial of benefits. The district court granted the Social Security Commissioner's summary judgment motion.

Sharone now appeals to us, challenging the ALJ's conclusion that he is not disabled. Sharone makes three primary arguments. First, he argues that substantial evidence does not support the ALJ's conclusion that Sharone does not suffer from an impairment described in the Social Security Listing of Impairments. Second, he argues that substantial evidence does not support the ALJ's conclusion that he had the residual functional capacity for light or sedentary work. Third, he argues that the ALJ's undisputed error[1] in rejecting the opinion of Sharone's treating neurologist was not, as the district court held, harmless. Because we agree with Sharone's third argument, we conclude that we must

---

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Commissioner has not appealed the district court's decision that the ALJ erred by disregarding the treating physician's opinion.

reverse and remand for further evaluation of Sharone's impairment.[2]

The district court held that the ALJ erred in rejecting the opinion of Sharone's treating neurologist, Dr. William Labunetz, that Sharone could not lift more than ten pounds; walk or stand more than two or three hours a day (or thirty to sixty minutes without interruption); or reach, handle, feel, push, pull, or see as well as a healthy person.[3] But the district court also held that the ALJ's error was harmless because "Sharone would be capable of performing gainful activity in the regional and national economies [even] if his functional abilities were limited to the extent described by Dr. Labunetz." The district court reasoned that a vocational expert had testified that a person with the functional limitations described by Dr. Labunetz would be capable of performing unskilled sedentary work as a food/beverage clerk or as a charge account clerk and that thousands of these jobs were available in the regional and national economies.

**2.** The ALJ's improper rejection of Sharone's treating physician's opinion requires us to remand this case for further proceedings. So we need not and do not consider Sharone's first and second arguments. We note, however, that the ALJ's improper rejection of Dr. Labunetz's opinion may have influenced the ALJ's conclusions that Sharone's impairment did not meet the disability Listing and that Sharone had the residual functional capacity to perform light or sedentary work in the national economy. On remand, an ALJ should reconsider those issues in light of Dr. Labunetz's opinion.

**3.** The ALJ's rejection of the treating physician's opinion was not "specific and legitimate," as our cases require. *See e.g., Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). The ALJ rejected the physician's opinion because the ALJ found "no objective explanation as to why the claimant would be limited to lifting of ten pounds at maximum, or why he would be unable to sustain activity on his feet to the extent he cannot perform

We have reviewed the ALJ's decision, and we cannot say that the ALJ's error was harmless. Although it is true that the ALJ *heard testimony* that a person limited to the extent described by Dr. Labunetz could find sedentary work, the ALJ never specifically held that a person limited to the extent described by Dr. Labunetz could find such work. Indeed, the ALJ's rejection of Dr. Labunetz's opinion may have influenced his findings that Sharone (1) had the residual functional capacity to lift up to twenty pounds on occasion, (2) could perform light work, and (3) was not disabled. Had the ALJ properly credited Dr. Labunetz's opinion, the ALJ might have reached a different result. The ALJ might have given more credence to Sharone's own description of his impairments. The ALJ might have further developed the record, considering new evidence not present in the administrative record before us. We must base our analysis on the ALJ's reasoning in his written decision, not on testimony in the administrative record the ALJ might have (but did not) adopt to

light work." We think the ALJ's stated reason for disregarding Dr. Labunetz's opinion was inadequate in light of Dr. Labunetz's detailed medical records, his superior expertise, and his long familiarity with Sharone's medical history. Dr. Labunetz is a neurologist with considerable experience treating multiple sclerosis. He had interviewed and examined Sharone on several occasions over several years. Dr. Labunetz's October 20, 1998, opinions that the ALJ disregarded were based on Dr. Labunetz's contemporaneous medical examination of Sharone. In that examination, Dr. Labunetz performed tests of Sharone's vision, reflexes, strength, and sensation. Previously, Dr. Labunetz had examined MRI images of Sharone's nervous system. Dr. Labunetz was aware of the extent of Sharone's demyelination. In light of Dr. Labunetz's superior understanding of Sharone's illness, we think any minor deficiency in Dr. Labunetz's written description of Sharone's condition could not justify the ALJ's disregarding Dr. Labunetz's opinion as to Sharone's limitations.

support his reasoning. *See SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) ("We ... hold that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained."); *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir.2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.").

We reverse and remand the case to the district court with instructions that it remand to the Commissioner for further evaluation of Sharone's impairment and the availability to him of work in the national economy, in light of Dr. Labunetz's opinion as to Sharone's physical limitations.

**REVERSED and REMANDED.**