**Abbie L. WILLIS, Plaintiff–Appellant,**

v.

**Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 02–15669.
D.C. No. CV–00–2087–PHX–SMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2003.

Decided June 4, 2003.

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING, District Judge.*

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM**

Abbie Willis appeals the judgment of the district court affirming the Administrative Law Judge's denial of Willis' application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq.

■ In reaching her decision, the ALJ erroneously rejected the opinion of Willis' examining physician and instead relied on the non-examining physicians' opinions. Generally, an examining physician's opinion carries more weight than a reviewing physician's. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995); 20 C.F.R. § 404.1527(d). The examining physician's findings can constitute substantial evidence, and the ALJ may reject those findings only for "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998). The ALJ failed to meet this standard and her reliance on the reviewing physicians' opinions was erroneous.[1] We therefore credit the opinion of Willis' examining physician "as a matter of law." *Lester*, 81 F.3d at 834, citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.1989).

■ We also disagree with the ALJ's finding that Willis' testimony was not credible. In explaining her adverse credibility finding, the ALJ failed to consider or address all of Willis' testimony regarding her inability to function in daily activities. The symptoms which Willis described were consistent with her medical records.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

1. An issue that was raised but we do not reach in this case is whether Willis was denied her due process right to cross-examine the reviewing physicians on whose opinions

There was no evidence that she was malingering, and therefore the ALJ's findings were required to be "clear and convincing." *Lester*, 81 F.3d at 834. The reasons given by the ALJ for disregarding Willis' testimony were not supported by substantial evidence. We therefore credit Willis' testimony regarding her limitations. *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988).

■ Finally, the ALJ presented a legally inadequate hypothetical question because it failed to include all of Willis' limitations and restrictions. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989).

■ Remanding for further proceedings is unnecessary because it is clear that Willis is entitled to benefits. We reverse the judgment of the district court and remand with instructions to remand to the ALJ for an award of benefits.

REVERSED and REMANDED.

the ALJ relied. The question is whether the social security hearing was "full and fair," as required by due process. *See Richardson v. Perales*, 402 U.S. 389, 401–402, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (holding that if the claimant fails to exercise his right to subpoena the physician for cross-examination, there is no violation of his due process rights).