*This case was not selected for publication in the Federal Reporter*
**NOT FOR PUBLICATION**

**John C. WAGNER, Plaintiff—Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner Social Security Administration, Defendant—Appellee.**

No. 04–17127.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Nov. 28, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument.

Eugenie Denise Mitchell, Esq., Brewer & Mitchell, LLP, Richard A. Shore, Law Office of Richard A. Shore, Sacramento, CA, David Michael Shore, Law Office of David M. Shore, Oceanside, CA, for Plaintiff–Appellant.

Fed. R.App. P. 34(a)(2).

**538**

Mary Parnow, Esq., SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GRABER, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Plaintiff John C. Wagner appeals the district court's order affirming a denial of disability benefits under the Social Security Act, 42 U.S.C. §§ 401–434. Although we might have come to a different conclusion were we weighing the evidence in the first instance, substantial evidence supports the administrative law judge's ("ALJ") decision. We therefore affirm.

■ 1. The ALJ did not err in discrediting Plaintiff's testimony regarding the extent of his pain. The ALJ made "specific findings justifying [his] decision" that Plaintiff's testimony was not fully credible. *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir.1989). The ALJ acknowledged pain but noted inconsistencies between Plaintiff's testimony and his physician's records and previously reported daily activities. *See Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir.1997) (noting that inconsistencies between testimony and other evidence is a justifiable reason to discredit testimony). Treating physicians found Plaintiff to have normal reflexes and motor abilities. Plaintiff had previously reported that he could walk up to three miles, per-

form yard work, and drive his children to and from school. Plaintiff's treatment records indicate that on one occasion he went scuba diving. The ALJ permissibly found this evidence contradictory to Plaintiff's testimony that he spends half the day lying down and has severe limitations in sitting, standing, and walking.

■ 2. The ALJ did not err in disregarding the opinion of treating physician Dr. Robert McAuley in favor of nontreating, nonexamining physician Dr. A. McCuistion. Although the opinion of a treating physician generally should be given greater weight than that of a nontreating, nonexamining physician, *see Andrews v. Shalala,* 53 F.3d 1035, 1040–41 (9th Cir.1995), the ALJ gave "specific, legitimate reasons . . . based on substantial evidence in the record" for rejecting Dr. McAuley's opinion in favor of Dr. McCuistion's. *Id.* at 1041.

Dr. McAuley diagnosed Plaintiff with arthritis of the hands and found that Plaintiff's pain limited him to "sedentary work." [1] There is no evidence in the record that Plaintiff complained of pain in his wrists and hands either before or after that one examination by Dr. McAuley. Because the ALJ found that Dr. McAuley was apparently giving more weight to Plaintiff's discredited subjective complaints than to the objective findings, the ALJ properly rejected Dr. McAuley's conclusion based on those subjective complaints. *See Fair,* 885 F.2d at 605 (rejecting treating physician's opinion where based on discredited subjective accounts of pain). Additionally, Dr. McAuley's opinion regarding "sedentary work" was not supported by abnormal clinical findings. *See*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the ALJ had an "adequate" amount of evidence from which to base his decision, we reject Plaintiff's contention that the ALJ was required to recontact Dr. McAuley. 20 C.F.R. § 404.1512(e).

*Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992) (holding that an ALJ may reject the conclusory opinion of an examining physician if the opinion is unsupported by clinical findings). Finally, Dr. McAuley's assessment is inconsistent with Plaintiff's medical records and daily activities.

■ 3. The ALJ properly used the Medical–Vocational Guidelines ("the grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, to determine whether Petitioner was disabled. The grids may be used in lieu of testimony by a vocational expert except in cases where a claimant's nonexertional limitations " 'significantly limit the range of work' " that he or she can perform. *Tackett v. Apfel,* 180 F.3d 1094, 1104 (9th Cir. 1999) (quoting *Desrosiers v. Sec'y of Health & Human Servs.,* 846 F.2d 573, 577 (9th Cir.1988)). The nonexertional limitations claimed by Plaintiff—manipulative limitations in his hands and wrists and limitations resulting from severe pain—were properly rejected by the ALJ, obviating the need for vocational expert testimony.

AFFIRMED.

W. FLETCHER, Circuit Judge, dissenting.

It is uncontested that the appellant, John Wagner, has a degenerative back disorder, has had three major back surgeries, and takes six to eight Vicodin[2] every day as prescribed by his physician. None of the physicians who examined Wagner, or reviewed his case, concluded that he did not experience back pain. Today the majority, however, affirms the Administrative Law Judge's ("ALJ") disability determination that did not consider *any* of Wagner's limitations from his back pain.

The ALJ dismissed Wagner's testimony about his back pain and resulting activity limitations as "not fully creditable." That credibility determination may be upheld only if it is supported by "substantial evidence" and is not based on legal error. *Widmark v. Barnhart,* 454 F.3d 1063, 1066 (9th Cir.2006). The paucity of the evidence that could even arguably support the ALJ's decision is apparent from the majority's memorandum disposition.

The majority first states that "[t]reating physicians found Plaintiff to have normal reflexes and motor abilities." The majority does not mention that plaintiff's examining physician, Dr. McAuley, described his gait as "slow." Nor does the majority explain how or why Wagner's reflexes and motor abilities demonstrate any inconsistency with his testimony. The record does not contain any medical evidence suggesting that any such findings would indicate that Wagner does not experience pain, almost certainly because patients can experience pain and still have normal reflexes and motor abilities. This evidence is therefore insufficient to uphold the ALJ's dismissal of Wagner's pain. *See Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (listing appropriate grounds for discrediting pain testimony).

Next, the majority affirms the ALJ's decision because Wagner reported "that he could walk up to three miles, perform yard work, and drive his children to and from school." The majority concludes that Wagner's reports of walking, yard work, and driving somehow contradict his statements that he has "severe limitations in sitting, standing, and walking," but his testimony demonstrates just the opposite. Wagner consistently reported that he could only drive short distances, such as driving his children to and from school,

---

**2.** Vicodin is prescription medication "used to relieve moderate-to-severe pain." *See* Drug Information Online available at http://www.drugs.com/vicodin.html.

and that he could not complete his yard work. These consistent reports support his testimony that he frequently requires rest periods and changes in posture due to his severe back pain. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.1997) (requiring that activity reports be inconsistent to dismiss a claimant's reports of pain); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (explaining that many home activities often are not easily transferable to the workplace).

Wagner reported on his pain questionnaire that he could walk "pretty far ? 3 mile." The majority contrasts the "pretty far ?3 mile" estimate with Wagner's testimony one year later, in which he reported that he could walk only half a mile. For two reasons, this is hardly "substantial evidence" that would support dismissing all of Wagner's reports of pain. First, "pretty far? 3 mile" is, on its face, a guess. Second, Wagner suffers from a *degenerative* back disease, which is consistent with a decrease in his ability to walk distances after one year. *Cf. Macri v. Chater*, 93 F.3d 540, 544 (9th Cir.1996) (upholding ALJ dismissal of claimant's pain when claimant had unsuccessfully attempted to find work despite claiming disability, claimant's testimony regarding his pain was vague, physician reports indicated minimal to slight pain, patients strength was intact and patient had not been taking pain medication for a substantial portion of the relevant time period).

The majority's next reason for upholding the dismissal of Wagner's pain-based restrictions is directly contradicted by Ninth Circuit precedent. The majority, and the ALJ, rely heavily on the fact that Wagner went scuba diving on one occasion with his son, who carried all of the equipment and helped Wagner get dressed. I suspect that the IJ and the majority may be unfamiliar with, and therefore overestimate,

the physical strain associated with scuba diving. But, more important, scuba diving on one occasion does not constitute an "activity of *daily* living." *See Fair*, 885 F.2d at 603 (describing that activities that constitute a "substantial" part of *daily* activities may be the basis for an adverse credibility finding). This circuit has held, "[o]ne does not need to be utterly incapacitated in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001). Rather a patient may engage in activities "*despite* pain for therapeutic reasons." *Id.* (emphasis in original).

The majority contends that Wagner's statement that he spends "half the day" lying down is contradicted by his testimony. In describing his average day, Wagner estimated that he spends almost three daylight hours lying in bed because of his back pain. Consistent with Wagner's testimony, in one report which the ALJ and majority did not reference, the examining physician reported that Wagner complained of fatigue after exertion which required him to lie down. The majority, however, seizes upon Wagner's general statement that he spends "half the day" lying down. Then, based on Wagner's other detailed testimony about his day, it finds "substantial evidence" that Wagner made inconsistent statements. I do not agree that there is even an "inconsistency," let alone "substantial evidence," that warrants the dismissal of Wagner's reports of pain.

Neither of the majority's proffered grounds supports its rejection of Dr. McAuley's opinion as Wagner's treating physician. *See* 20 C.F.R. § 404.1527(d)(1) (2006) (prescribing that examining physician opinion is entitled to greater weight than a non-examining physician). First, while I agree that the ALJ had a permissible basis for rejecting Dr. McAuley's diagnosis of Wagner's wrist and hand limita-

tions, dismissing the diagnosis of Wagner's hand disorder does not warrant dismissing all of Dr. McAuley's other diagnoses and opinions. Second, after the majority errs in incorrectly discounting Wagner's reports of pain, it compounds the error by dismissing Dr. McAuley's other diagnoses because they are based on those reports. *Lester v. Chater,* 81 F.3d 821, 831 (9th Cir.1995) (ALJ may only reject testimony of treating physician for "specific, legitimate reasons" that are "supported by substantial record evidence").

Wagner established a medical basis for his pain by showing his history of back surgeries, his diagnosis, and his pain medication. The majority's requirement for additional "abnormal clinical findings" to support Dr. McAuley's opinion for Wagner's activity limitation is contrary to Ninth Circuit precedent. *Hammock v. Bowen,* 879 F.2d 498, 502–03 (9th Cir.1989) (holding that dismissal of treating physician's opinion which was based on claimant's pain was error because it "is reversible as a matter of law to discredit excess pain testimony only because the medical evidence does not fully establish that level of pain").

Finally, the ALJ's use of the "grids" was improper. After the ALJ found that Wagner could not perform his previous occupation as a Registered Nurse, the government had the burden to show that Wagner can perform "other jobs that exist in substantial numbers in the national economy." *Bruton v. Massanari,* 268 F.3d 824, 828 n. 1 (9th Cir.2001). Wagner's pain sufficiently interfered with his functional capacity that the ALJ was prohibited from relying on the grids. Instead, the ALJ was required to hear testimony from a vocational expert. *See Reddick v. Chater,* 157 F.3d 715, 729 (9th Cir.1998) ("If the grids fail accurately to describe a claimant's limitations, the ALJ may not rely on the grids

alone to show the availability of jobs for the claimant." (citation omitted)); *Desrosiers v. Sec. of Health & Human Servs.,* 846 F.2d 573, 580 (9th Cir.1988) (reversing ALJ for failing to use vocational expert testimony when claimant had pain that significantly affected his ability to work and rendered him "unable to perform the *full range* of light work" (emphasis added)).

A deferential standard of review does not require upholding an ALJ's determination regardless of the facts. Where, as here, the ALJ's rejection of all of Wagner's pain-based limitations is not supported by substantial evidence in the record, reversal is not only warranted but required. *See Widmark,* 454 F.3d at 1066. Here, the record, which includes diagnoses, treatment, surgery, and prescription medication, overwhelmingly demonstrates that Wagner suffers from back pain that disables him to some degree. Wagner is entitled to a disability determination that includes consideration of his back pain, and to testimony from a vocational expert under the government's burden to establish that Wagner can work. *See Reddick,* 157 F.3d at 729.

I therefore respectfully dissent.