Robert J. HAULOT, Plaintiff—
Appellant,

v.

Michael J. ASTRUE, Defendant—
Appellee.

No. 06–17213.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Aug. 7, 2008.

Eric G. Slepian, Phoenix, AZ, for Plaintiff–Appellant.

Elizabeth Firer, Social Security Administration Office of the General Counsel, San Francisco, CA, Michael A. Johns, Of-

**54**

fice of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Appellant Robert J. Haulot appeals the district court's judgment affirming the Social Security Administration's denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for a calculation of benefits.

### 1. Treating physician opinion

█ Haulot contends that the ALJ erred by rejecting the medical opinion of his treating physician, Dr. Wallace, while accepting the testimony of a non-treating, non-examining physician, Dr. Goren, because the ALJ failed to "provid[e] 'specific and legitimate reasons' supported by substantial evidence in the record." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). We agree.

First, the ALJ rejected Dr. Wallace's opinion because Wallace's findings were "not supported by his own examinations of the claimant." In support of his finding, the ALJ relied on an October 2000 exam, more than one year before Haulot's alleged onset date of disability. We have said, however, that "[w]here a claimant's condition becomes progressively worse,

medical reports from an early phase of the disease are likely to be less probative than later reports." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir.1989). Here, as the record shows, Dr. Wallace's notes from later examinations of Haulot—after the alleged onset date—support his opinion.

Second, the ALJ discounted Dr. Wallace's opinion because it was not supported by objective medical evidence. This reason is not supported by substantial evidence. To the contrary, a complete review of the record shows that the objective medical evidence, including x-rays and other diagnostic tests as well as the diagnoses of other physicians, was entirely consistent with Dr. Wallace's opinion.

Finally, the ALJ rejected Dr. Wallace's findings because it "appear[ed] that Dr. Wallace was sympathetic to the claimant." The ALJ, however, never pointed to any evidence that Dr. Wallace was so sympathetic to Haulot as to impair his sound professional opinion, or was acting as Haulot's agent to aid him in collecting disability benefits. The ALJ's statement that Dr. Wallace was "sympathetic" to Haulot therefore does not constitute substantial evidence for rejecting the treating doctor's considered diagnosis. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir.1988) ("The ALJ must do more than offer his conclusions.").

### 2. Subjective symptom testimony

█ Haulot also argues that the ALJ erred by finding his testimony not credible without "offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996). We agree.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We review de novo a district court's order upholding denial of benefits. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998).

First, the ALJ erred in finding material inconsistencies in Haulot's testimony where there were none. Any minor discrepancies in Haulot's testimony were not enough to establish clear and convincing evidence that he is incredible. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir.2006). Indeed, many of the minor inconsistencies cited concerned issues which the ALJ acknowledged were collateral in nature (e.g., alcohol use).

Second, as noted above, abundant clinical evidence supported Haulot's allegations of pain. The ALJ erred by "selectively focus[ing] on ... [evidence] which tend[ed] to suggest non-disability." *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). The ALJ also erred in rejecting Haulot's claims of debilitating pain based on a lack of "neurological deficits." As noted by Dr. Barranco, Haulot's treating neurologist, a lack of neurological deficits was not surprising because Haulot's back disorder was *mechanical* rather than neurological in nature.

Finally, the ALJ grossly overstated the evidence that Haulot performed activities inconsistent with his stated level of pain. The fact that Haulot drove short distances every four or five weeks, occasionally fixed himself a sandwich, washed dishes, did laundry, went on brief grocery shopping trips every couple of weeks, and once attempted to dig a hole but gave up because of pain, does not support the conclusion that he can work eight hours a day, five days a week, on a consistent basis. *See, e.g., Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.").

### 3. Remand for calculation of benefits

 "When an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits." *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir.2007) (internal quotation marks omitted); *see also Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.1989) (crediting opinion of treating physician "as a matter of law" where ALJ failed to provide sufficient reasons for rejecting that opinion). The vocational expert in this case testified that an individual with the limitations described by Dr. Wallace and Haulot would not possess the residual functional capacity to perform Haulot's past relevant work or other work available in significant numbers in the national economy. Therefore, when Dr. Wallace's opinion and Haulot's testimony are appropriately credited, it is clear that the record requires a finding of disability. Because there are no further issues for the agency to resolve, Haulot is entitled to an award of benefits. *See Orn*, 495 F.3d at 640.

**REVERSED** and **REMANDED** with instructions to remand to the Commissioner for calculation of benefits.