Carole PAGE, Plaintiff–Appellant,

v.

COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.

No. 07–35281.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Dec. 17, 2008.

Tim Wilborn, Wilborn Law Office, PC, Oregon City, OR, for Plaintiff–Appellant.

Stephanie R. Martz, Esquire, Michael McGaughran, Esquire, Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.*

### MEMORANDUM **

Carole Page appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. We reverse and remand for further proceedings.

■ The ALJ rejected Dr. Knower's opinion that Page's symptoms would result in regular absences from a full time job, and Dr. Moore's opinion that Page's symptoms would require her to lie down for one hour of an eight-hour workday. "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir.2008) (internal quotation marks and citations omitted). "[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Id.* at 1199–1200. This holding applies with no less force to the opinions of treating physicians. *See Orn v. Astrue,* 495 F.3d 625, 632 (9th Cir.2007)

The ALJ held that Dr. Knower's opinion as to Page's limitations was not consistent with his "mild clinical and examination findings," and that Dr. Moore's assessment that Page must lie down during the workday was not consistent with her examination reports. Dr. Knower's treatment reports, however, consistently diagnosed Page with chronic pain stemming from degenerative disc disease and facet arthrosis. These reports included clinical observations such as Page's inability to sit comfortably during the appointments. Dr. Moore's 2005 examination report likewise stated, based on her review of an MRI, that Page has "degenerative disc disease

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

with disc bulge without herniations." Her report also included a subjective finding of "persistent back pain and leg pain," described in detail where Page was experiencing this pain and concluded that "Dr. Knower has very appropriately started [Page] on pain medications." Nothing in the reports of Page's other treating physicians contradicts these conclusions. *See Ryan*, 528 F.3d at 1200.

Dr. Goodman, a non-examining physician, relied on the same clinical findings as Drs. Knower and Moore. His conclusions therefore do not constitute "substantial evidence" sufficient to reject Drs. Knower's and Moore's opinions and the ALJ erred in doing so. *See Orn*, 495 F.3d at 632.

■ The ALJ also erred in rejecting Page's subjective testimony. When a claimant presents medical evidence and shows that her impairments could reasonably be expected to cause some degree of her symptoms, and there is no evidence of malingering, the ALJ must offer "specific, clear and convincing reasons" for rejecting the claimant's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.2007) (internal quotation marks and citations omitted). The ALJ's finding that Page's testimony about her pain was "not entirely credible in light of information contained in the medical reports and other evidence in the record" is not supported, given that her testimony was consistent with the medical reports discussed above.

The Commissioner argues that the ALJ properly rejected Page's testimony because she said she worked five to six hours per week at the onset of her disability in 2003. Dr. Knower's reports show, however, that Page developed a new "L1–L2 disc herniation" in May 2004 that exacerbated her symptoms, so Page's part time work in 2003 does not discredit her testimony as to the nature of her symptoms in 2005. The Commissioner also cites Page's testimony

that she walked two to three miles in the week before her hearing as being inconsistent with her claim she can stand for only 15 to 20 without experiencing pain. Page went on to testify, however, that she could walk only a quarter of an acre without stopping, and that she sold her house because she is unable to walk up stairs. Page's overall testimony is consistent with her claimed limitations.

Because the ALJ gave legally insufficient reasons for rejecting Page's testimony and Drs. Knower's and Moore's opinions, we credit this evidence as true as a matter of law in light of Page's advanced age and the delay she has experienced since her application for benefits. *See Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir.1989). We remand for further proceedings, however, because it is still not "clear from the record that the ALJ would be required to find the claimant disabled." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.2004) (citing *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.2000) (stating circumstances when court should remand for an immediate award of benefits)). The record includes vocational expert testimony indicating that if Page has the limitations stated in her testimony and in the opinions of Drs. Moore and Knower, she would not be able to perform her past relevant work. It remains unclear, however, whether Page would be capable of performing "any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). We therefore remand so the ALJ can develop the record on this issue, giving full consideration to Page's testimony and Drs. Knower's and Moore's opinions.

We do not address whether the ALJ provided adequate reasons for rejecting Page's father's lay testimony, because its substance is reflected in the opinions and testimony that we credit as true. We

reject Page's contention that the ALJ improperly ignored evidence of the side effects of her pain medications; as the district court correctly found, there is no evidence in the record on this issue.

**REVERSED and REMANDED for reconsideration to the Commissioner of the Social Security Administration.**