**Frank Clemente SANCHEZ, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant— Appellee.**

No. 07–16944.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2009.*

Filed April 21, 2009.

Robert Ishikawa, Esquire, Thomas V. Miles, Esquire, Fresno, CA, for Plaintiff–Appellant.

Kimberly Anne Gaab, Esquire, USF–Office of the U.S. Attorney, Fresno, CA, Sarah Lynn Ryan, Esquire, Assistant Regional Counsel, Armand D. Roth, Esquire, Special Assistant U.S., SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON and M. SMITH, Circuit Judges, and KING [**], District Judge.

MEMORANDUM [***]

Frank C. Sanchez appeals from the district court's judgment affirming the Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision in a social security case de novo. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005).

The Administrative Law Judge (ALJ) erred by rejecting the opinion of Sanchez's examining physician—Dr. McIntire—regarding Sanchez's limitations in favor of the opinion of a non-examining physician—Dr. Sharbaugh. First, in light of the vocational expert's testimony that the job possibilities available to Sanchez changed according to whether he could walk or stand six hours as opposed to four to six hours, we conclude the opinions of Dr. McIntire and Dr. Sharbaugh are contradictory. Second, the ALJ failed to give any reason for adopting the opinion of Dr. Sharbaugh over the opinion of Dr. McIntire as to Sanchez's walking and standing limitation. *See Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1996) (holding that the opinion of an examining physician that is contradicted by another doctor can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record). We therefore credit Dr. McIntire's opinion as to Sanchez's limitations.

*See id.* at 834 ("Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" (quoting *Hammock v. Bowen,* 879 F.2d 498, 502 (9th Cir.1989))). We reverse and remand to the district court with instructions to remand to the ALJ for a determination of Sanchez's vocational ability that takes into account Dr. McIntire's opinion of Sanchez's limitations, including the limitation of walking and standing four to six hours.

As to the remaining issues, we conclude that the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion of Sanchez's treating physician, and that the ALJ provided clear and convincing reasons for his determination that Sanchez's testimony as to the intensity, duration, and limiting effects of his symptoms was not credible.

**REVERSED AND REMANDED.**

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.