MEMORANDUM *
John Jamieson appeals the denial of his application for Supplemental Security Income. The administrative law judge (ALJ) found that while Jamieson suffered some severe physical disabilities, he did not suffer from a severe mental impairment and could still perform a range of light work. Jamieson’s appeal to the district court was denied. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand to the agency for the calculation of benefits.
In general, the opinion of a treating or examining physician is afforded more weight than that of a non-treating or non-examining physician. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir.2007). The ALJ must provide “clear and convincing” reasons for rejecting the uncontradicted opinion of a treating or examining physician, and even if contradicted by another doctor, the opinion can be rejected only for specific and legitimate reasons supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1995).
Dr. Cunnington, Jamieson’s treating physician, assessed Jamieson’s residual functional capacity just prior to the administrative hearing and decided that because of his occipital neuralgia and cervical degenerative disc disease, Jamieson was in *285 capable of performing even low-stress jobs. Nevertheless, the ALJ relied on the opinion of the non-examining Social Security Administration physician, Dr. Torre, to find that Jamieson could still perform a wide range of light work. However, in light of the fact that Dr. Torre never examined Jamieson, the ALJ did not have a specific and legitimate reason, supported by substantial evidence, for rejecting Dr. Cunnington’s opinion. The ALJ’s statement that Dr. Cunnington’s opinion was not supported by the record and was “too extreme” was an insufficient reason for discrediting Dr. Cunnington and instead relying on Dr. Torre. The ALJ pointed to nothing in the record to justify disregarding Dr. Cunnington’s opinion.
After running a battery of tests, psychologist Louis Mortillaro, Ph.D., diagnosed Jamieson with a pain disorder associated with both a medical condition and psychological factors, and opined that Ja-mieson had a severe mental impairment. Yet the ALJ ignored Mortillaro’s opinion as unsupported and relied on the contrary opinion of Dr. Ikawa, a non-examining Social Security Administration psychiatrist, without stating what specific evidence contradicted Mortillaro. Cf. Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989) (“The Secretary’s conclusion that Hammock could perform past work is not supported by substantial evidence because no specific reasons were given for disregarding [the treating doctor’s] opinion to the contrary.”). Here, the ALJ also did not have a specific and legitimate reason, supported by substantial evidence, for favoring the opinion of Dr. Ikawa over that of the examining psychologist Mortillaro.
“Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion ‘as a matter of law.’ ” Lester, 81 F.Bd at 834 (quoting Hammock, 879 F.2d at 502). If it is clear from the administrative record that the ALJ would be required to find the claimant disabled on remand, then the court typically remands for a calculation of benefits. Orn, 495 F.3d at 640. In this case, the opinions of Dr. Cunnington and Mortillaro, properly credited, require the ALJ to find Jamieson disabled. We therefore reverse the ALJ’s finding that Jamieson was not disabled and remand for Jamieson to be awarded benefits as calculated on remand.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.